Bertram Harnett, J.
Here is a case of first impression in New York on the incidents of a preliminary injunction, wheré the trial court is reversed on appeal.
The Review Company is the owner of industrial property in Valley Stream, New York, and Vanguard Diversified, Inc., has been its tenant under leases expiring on May 31, 1969 containing provisions for five-year options to renew. When Vanguard attempted to exercise the options, Review rejected the renewals on the ground that Vanguard had not complied with certain provisions of the lease. Vanguard then instituted an action for declaratory judgment that it had the right to continue occupancy of the premises.
A temporary injunction was granted, in favor of Vanguard, restraining Review from enforcing its right to terminate the lease pending ‘ ‘ the final determination of the action ’ ’. The *215 trial of this action commenced on June 11, 1969, continuing until June 19, 1969. On that last date, Review asked the court to modify the temporary injunction so that Review would be entitled to collect rent for the premises for a period “ until we get a decision from this Court in this lawsuit ”. Thereupon, the parties stipulated in open court that Vanguard would pay the rent monthly, without prejudice, in the language of the Justice presiding “ until this action is determined ”. Later, Review’s counsel suggested the injunction bond be extended “until there is a decision from the Court”, to which the court said ‘ ‘ The bond is extended pending the final determination of this action”.
On November 14, 1969, judgment was entered in favor of Review, including a 30-day stay of execution. Vanguard appealed and moved in the Appellate Division, Second Department, for a stay of the judgment pending the appeal. The stay, including specific provisions against removing Vanguard, was granted for a definite period of time and was subsequently enlarged on at least two occasions. The Appellate Division made no specific determination as to payment of rent pending the appeal; however, Vanguard continued to occupy the premises and pay the rent, while Review continued to accept the payments. On July 27, 1970, the judgment was reversed by the Appellate Division (35 A D 2d 102) and Vanguard was granted a new trial. Since that time, and continuing until June 1971, Vanguard remained on the premises and continued to pay the stipulated rent. In June 1971, Vanguard padlocked the premises and left, apparently leaving behind equipment and machinery now belonging to a third party.
Review now seeks by the motion before this court to enforce the stipulation made in open court at the trial, while Vanguard claims that the entry of judgment on November 14, 1969 permanently terminated the stipulation. In the event the court deems the stipulation to be still in effect, Vanguard cross-moves for relief from its terms on the basis of harshness and inequity.
The stipulation of the parties at the trial was an agreement to modify the temporary injunction previously in effect. By their stipulation in open court, within the presence of the Justice presiding, they reached in essence a mutually agreeable preliminary injunction. By that stipulation, Review was given a right to collect rent correlative to Vanguard’s right to remain on the premises.
While it is clear enough that Review, as an agreeing party, intended the injunction to run until a decision of the Supreme *216 Court, the final cross-current of language forging the stipulation lent some color to .its present contrary position. Accordingly, it would be desirable to examine the effect of a preliminary injunction as it bears on the case.
The nature of a preliminary injunction has been characterized in Hamilton Watch Co. v. Benrus Watch Co. (206 F. 2d 738, 742) as: “ interlocutory, tentative, provisional, ad interim, impermanent, mutable, not fixed or final or conclusive, characterized by its for-the-time-beingness. It serves as an equitable policing measure to prevent the parties from harming one another during the litigation; to keep the parties, while the suit goes on, as far as possible in the respective positions they occupied when the suit began ’ ’.
In distinguishing between preliminary and permanent injunctions, Weinstein-Korn-Miller (N. Y. Civ. Prac., vol. 7A, par. 6301.05) states: “ [A permanent injunction]seeks relief by way of a final judgment after a full trial. A preliminary injunction is sought by motion and only requests provisional relief until a full trial may be held ”. (See Matter of Ohrbach v. Kirkeby, 3 A D 2d 269 ; Ming v. Simpkins, 59 Misc 2d 853.) Accordingly, the philosophy of preliminary injunction persuades to the view that, where not otherwise specifically stated, it expires upon trial determination.
The rather anomalous situation has unfolded here, that the tenant Vanguard, suing for a declaratory judgment to stay in possession, and who stipulated to stay in, has moved out, while the landlord Review who resists the tenant’s suit to stay in and presumably wants to oust him, in the stipulation dispute seeks to keep him in. Doubtless this has to do with the fact that the tenant stayed and paid rent for two years after the stated lease expiration. The parties have summoned to their side a welter of contrasting equities, and both bewailed the advantages of the other side.
Be that as it may, the court must look to the stipulative intent of the parties themselves, and the legal context of preliminary injunctions. This is the framework in which the parties must have searched their alternatives. When the Supreme Court handed down its judgment of November 14, 1969, the contemplated decision was made and the injunction expired. Vanguard, the Supreme Court loser, promptly went to the Appellate Division for the requisite stay of its tenancy removal, and by three orders relating to stays, the Appellate Division became the controlling injunctive power.
In July, 1970, the Appellate Division reversed the Supreme Court and ordered a new trial. At that point, Review had no *217 judicially ordered removal rights, and all question of injunctive restraint fell away. Vanguard’s action remained for retrial, Review had the right to move for any available provisional relief commensurate to its own circumstances.
Based on the principles set forth above, this court rules the trial court preliminary injunction was not automatically reinstated by the Appellate Division reversal. Accordingly, the court denies Review’s motion to enforce the stipulation, thus rendering Vanguard’s cross motion to be relieved from its effect academic. As to all other matters, the court leaves the parties to their pertinent rights and remedies in the underlying action or in such other actions as may be lawfully available.