■ THOMAS F. PERNA, Individually and as Agent for an Undisclosed Principal, Respondent, v ANIL DESAI et al., Appellants. — In an action, *inter alia,* for specific performance of a contract to sell improved real property, defendants appeal from a judgment of the Supreme Court, Westchester County (Burchell, J.), dated August 31, 1983, which *inter alia,* granted specific performance to plaintiff and credited him with $2,000 as an adjustment at the closing toward all repairs made by him to the premises. ¶ Judgment reversed, on the law and the facts, without costs or disbursements, the deposit being held in escrow shall be returned to plaintiff, and complaint otherwise dismissed. ¶ On or about June 18, 1981, plaintiff, as an undisclosed agent for the purchaser, and defendants, as sellers, entered into a written contract for the sale of a commercial building owned by defendants, located in Elmsford, New York. The closing date was scheduled for September 1, 1981, subject to paragraph nine of the rider to the contract which provided that the closing was to take place "when the fish store presently vacant has been rented at a rental of not less than $715.00 per month". Paragraph three of that rider granted the purchaser the right, after signing the contract, "to negotiate leases, advertise and sign leases with the consent of the seller and to enter upon the premises to make repairs as may be required at its sole discretion". Both parties contacted brokers to rent the fish store. By September 1, 1981, the day of the initially scheduled closing, the fish store was not rented, and, in fact, was not rented until May 1, 1982. ¶ After the initial closing date, defendants sent a letter dated October 28, 1981 to plaintiff unilaterally setting December 1, 1981 as the new date for closing. They noted that time was of the essence, adding that if the purchaser did not tender performance at that time, the purchaser would be declared in default and would forfeit the down payment of $36,500 which had been paid by the purchaser in escrow pursuant to the terms of the contract. Several weeks later, defendants supplemented their letter with a second letter dated November 19, 1981 informing plaintiff that if the fish store was not rented, they, as an alternate remedy would declare the contract rescinded and would return the down payment to the purchaser. ¶ On November 25, 1981, the parties met in an effort to resolve their differences. Defendants at that time

agreed to rent the fish store themselves for six months, but, according to defendants, plaintiff insisted the rental period be for 12 months and defendants refused. Plaintiff states that while the parties discussed this six-month offer, "it really wasn't ironed out". Defendants claim (and plaintiff does not dispute) that on December 1, 1981, they were in their attorney's office ready to close but plaintiff failed to appear. ¶ Thereafter, plaintiff commenced this action for specific performance and to recover compensatory and punitive damages. Following a nonjury trial held on September 20, 1982, Trial Term granted plaintiff specific performance, finding that he was always willing to perform, whereas defendants had failed to satisfy the condition precedent, i.e., the rental of the fish store, or to reach a fair adjustment therefor. Defendants appeal. ¶ Upon review of the record, we conclude that the condition precedent could be performed by either party. Under the contract the obligation of either party to go forward with the closing of title did not ripen until this condition was performed. After a reasonable time had elapsed and the condition remained unperformed, either party was free to rescind the contract (see *Haines v City of New York*, 41 NY2d 769). And as long as the condition precedent had not been performed, plaintiff was not entitled to specific performance. ¶ By the same token, however, upon the failure of the condition precedent, plaintiff was entitled to the return of the deposit being held in escrow (see *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106). Lazer, J. P., Weinstein, Brown and Lawrence, JJ., concur.