■ TSS-Seedman's, Inc., Appellant, v Mary Nicholas, Also Known as Mary N. Hadji, Respondent.—In an action for a judgment declaring the rights and duties of the parties under a lease with respect to an option to renew, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Di Tucci, J.), dated on January 4, 1988, which denied the plaintiff's cross motion for summary judgment, granted the defendant landlord's motion for summary judgment dismissing the complaint and for judgment on her counterclaims, and awarded the defendant possession of the premises.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff TSS-Seedman's, Inc. operates a retail store at certain real property in Astoria, Queens, owned by the defendant Mary Nicholas. The plaintiff leased the premises from Nicholas pursuant to a lease for the initial period from March 1, 1977 to January 31, 1987. Paragraph 42 of the lease gave the plaintiff the right to renew the lease for up to four additional five-year terms upon six months' prior written notice to the landlord, on the condition that it was not in default under the lease. It is uncontroverted that the plaintiff

sent timely written notice of its exercise of the option to renew for the first additional five-year period to the landlord. However, as of July 31, 1986, the last date upon which the plaintiff could timely exercise the option to renew, several building, fire and environmental control board violations issued against it from its use of the premises remained on record. The first violation was issued against the plaintiff on August 24, 1977, for occupying the premises without having first obtained a certificate of occupancy. Other violations were issued against the plaintiff on February 24, 1981, with respect to the sprinkler connections at the premises. Another violation was issued on April 25, 1987, with respect to the plaintiff's failure to provide approved, operative fire extinguishers on the premises. The plaintiff's failure to act to cure these violations is in violation of paragraph SECOND of the lease, which states in relevant part that the tenant shall "execute and comply with all laws, rules, orders, ordinances and regulations at any time issued or in force, applicable to the demised premises or to the Tenant's occupation thereof, of the Federal, State and Local Governments, and of each and every department, bureau and official thereof".

We agree with the Supreme Court that because the plaintiff was in default of the lease by reason of the violations of record existing on July 31, 1986, the last date upon which it could exercise the option to renew, it could not validly exercise the option. It is further uncontroverted that the plaintiff took no steps to cure the violations before July 31, 1986. Thus, it was not in substantial compliance with the lease on that day (cf., *Vanguard Diversified v Review Co.*, 35 AD2d 102, *on remand* 67 Misc 2d 214). Further, the landlord did not waive the plaintiff's default by waiting until the expiration of the first term of the lease to notify it of the basis for rejecting the exercise of the option. The landlord was not aware of the violations until after July 31, 1986, and the lease contained a nonwaiver clause. Contrary to the plaintiff's assertions, equity will not relieve it from its default under the lease where the record fails to demonstrate valuable improvements to the property which would convert loss of an option into a forfeiture (see, *J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392) and the breach of the lease was de minimis and resulted in no harm to the landlord (see, *Restoration Realty Corp. v Robero*, 58 NY2d 1089). Brown, J. P., Lawrence and Kooper, JJ., concur.

Weinstein and Balletta, JJ., concur in part and dissent in part and vote to modify the order and judgment, on the law,

by deleting all decretal paragraphs thereof except the last decretal paragraph, and substituting therefor a provision denying the defendant's motion for summary judgment, and as so modified, to affirm the order and judgment, with the following memorandum: Contrary to the defendant's assertions, the plaintiff was in substantial compliance with the lease on July 31, 1986. While paragraph SECOND of the lease required the plaintiff to comply with regulations made by governmental authorities, the intent of such a covenant is to require the tenant to immunize the landlord from the actions of the authorities by keeping the premises in compliance with proper standards of health and safety (see, Vanguard Diversified v Review Co., 35 AD2d 102, 105, on remand 67 Misc 2d 214). The defendant has failed to demonstrate that the violations complained of had any impact on the safety of the premises or health of its occupants, or that a failure to remove the violations on the property placed her at risk of further action from governmental authorities. Triable issues of fact remain on the issue of whether the defendant was actually injured by the failure of the plaintiff to immediately act to remove the violations from the record, and on the issue of whether the plaintiff can establish sufficient improvements to the premises which would render loss of the lease a forfeiture, which may then entitle it to equitable relief (see, J. N. A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392).