■ 95 East Main Street Service Station, Inc., et al., Appellants, v H & D All Type Auto Repair, Inc., et al., Respondents.—In an action, *inter alia,* for a declaration of the parties' rights under a lease, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Burrows, J.), entered February 1, 1989, which granted the defendants' motion for summary judgment, and declared, in relevant part, that the plaintiffs had failed to timely comply with the written notice of renewal provisions of article 28 of the lease.

Ordered that the judgment is affirmed, with costs.

The defendants, as landlords, and the plaintiffs, as tenants, were parties to a 10-year commercial lease with an option to renew for an additional 10 years, provided written notice by certified mail was given to the landlords nine months prior to the expiration date of the lease. This time limitation on the exercise of the option was inserted in the form lease in typewriting. The tenants sent notice to renew the lease 1 day before the lease expired, which the landlords received 3 days after the lease had expired. The landlords rejected it and the tenants sued, *inter alia,* for a declaration of the parties' rights under the lease. The Supreme Court granted the motion for summary judgment and entered an appropriate declaration in the landlords' favor. We affirm.

The inserted typewritten time limitation on the option to renew is prominently displayed upon the face of the lease and is uncontradicted by any other clause found in the lease or in another contemporaneous agreement which was entered into by the parties, or their predecessors. Therefore, the time limitation clause cannot be eliminated by the court based upon an inference as to the intention of the parties that was not reflected in the lease *(see, e.g., Rodolitz v Neptune Paper Prods.,* 22 NY2d 383, 386-387). Since the notice exercising the option was not given within the specified time period, it was

ineffective *(see, J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392, 396-397). In some cases, an equitable interest is recognized and protected against forfeiture, where the tenant has in good faith made improvements of a substantial character intending to renew the lease, the landlord is not harmed by the delay in notice, and the tenant would sustain substantial loss if the lease were not renewed *(see, J.N.A. Realty Corp. v Cross Bay Chelsea, supra,* at 397-400; *American Power Indus. v Rebel Realty Corp.,* 145 AD2d 454; *Hunt v Carlson,* 136 AD2d 853; *Tritt v Huffman & Boyle Co.,* 121 AD2d 531). However, in this case, the tenants failed to set forth evidence sufficient to show that they made substantial improvements with the intent to renew the lease; nor has it been shown that the tenants have an interest in the premises as a long-standing location for a retail business *(see, TSS-Seedman's, Inc. v Nicholas,* 143 AD2d 223, 224). Indeed, it would appear the tenants deliberately delayed exercising the option to renew while they looked for another location and considered the possibility of selling or assigning the lease. Mangano, P. J., Lawrence, Rubin and Balletta, JJ., concur.