■ Souslian Wholesale Beer & Soda, Inc., Appellant, v 380-4 Union Avenue Realty Corp., Respondent.—In an action, *inter alia,* (1) for a judgment declaring that the plaintiff has the right to continued occupancy of certain commercial real estate and the right to the renewal of the lease, and (2)

for a permanent injunction barring the defendant from interfering with the plaintiff's tenancy, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Golden, J.), dated June 13, 1990, which, *inter alia,* denied its motion for a preliminary injunction, granted the defendant's cross motion for summary judgment, and declared that the lease terminated on April 25, 1990.

Ordered that the order and judgment is reversed, on the law, with costs, the defendant's motion is denied, upon searching the record, summary judgment is granted to the plaintiff, and it is declared that (1) the plaintiff has a right to continued occupancy of the premises and its exercise of the option to renew the lease is valid, and (2) the defendant's notices of default and termination of the lease are a nullity; and it is further,

Ordered that the defendant is permanently enjoined from interfering with the plaintiff's use and enjoyment of the property pursuant to the terms of the renewal lease; and it is further,

Ordered that the plaintiff's motion for a preliminary injunction is dismissed as academic.

On April 26, 1983, the plaintiff tenant purchased a wholesale beer and soda business from the defendant landlord for a total purchase price of $1,044,768.23, inclusive of inventory in the amount of $202,106.23. The plaintiff paid $250,000 in cash, and $425,000 with interest evidenced by 84 promissory notes totaling $592,662, and payable over a period of seven years. The plaintiff simultaneously executed a lease agreement with the defendant on that same day for a term of seven years, with an option to renew the lease for a further period of eight years, provided the tenant was not in default under the terms of the lease, and that notice exercising the option be given nine months prior to the expiration of the lease. As security for payment on the 84 notes the plaintiff assigned the lease to the defendant to be held in escrow by the defendant's counsel Phillip K. Greene. By letter dated February 5, 1990, or 6½ months after the expiration date for renewal of the option and 2½ months prior to the termination of the lease, the plaintiff exercised his option to renew the lease. The defendant rejected the plaintiff's attempt to renew the lease as untimely and because of certain alleged defaults under the lease. The plaintiff commenced the instant action and, thereafter, on April 4, 1990, two violation orders were issued against it, one by the fire department and another by the Environmental Control Board.

It is well established that a notice exercising an option is ineffective if it is not given within the time specified *(see, J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392, 396-397; *Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449).* Equity will intervene, however, to relieve a tenant of the consequences of an untimely notice of an option to renew a lease where (1) the tenant's failure to exercise the option in a timely fashion resulted from an honest mistake or inadvertence, (2) the nonrenewal of the lease would result in a substantial forfeiture by the tenant, and (3) the landlord would not be prejudiced by the renewal *(see, J.N.A. Realty Corp. v Cross Bay Chelsea, supra,* at 399-400; *Sy Jack Realty Co. v. Pergament Syosset Corp., supra; Nanuet Natl. Bank v Saramo Holding Co.,* 153 AD2d 927, 928; *Mass Props. Co. v 1820 N. Y. Ave. Corp.,* 152 AD2d 727, 728-729; *Tritt v Huffman & Boyle Co.,* 121 AD2d 531). It is uncontroverted that the plaintiff's default was inadvertent and excusable. Furthermore, the default would result in a substantial forfeiture of the plaintiff's investment in the purchase of the business *(see, Sy Jack Realty Co. v Pergament Syosset Corp., supra,* at 453; *Jones v Gianferante,* 305 NY 135, 138; *Mass Props. Co. v 1820 N. Y. Ave. Corp., supra,* at 729). There is similarly no indication on the record that the defendant was prejudiced by the delay. Accordingly, the defendant should not be permitted to exact a substantial forfeiture based on the plaintiff's delay in complying with the notice requirement *(see, J.N.A. Realty Corp. v Cross Bay Chelsea, supra,* at 400; *Nanuet Natl. Bank v Saramo Holding Co., supra,* at 929).

Nor was the plaintiff in default of the lease by reason of violations of record. A sanitation inspection report on the premises dated October 2, 1987, indicates a passing score of 085, which did not warrant rescheduling for further inspection, and as such did not constitute a violation of record. The violations dated April 4, 1990, were issued subsequent to the last date upon which the plaintiff could timely exercise its option, and are ineffective to defeat the plaintiff's rights under the lease *(see, Restoration Realty Corp. v Robero,* 87 AD2d 301, 305, *affd* 58 NY2d 1089; *cf., TSS-Seedman's, Inc. v Nicholas,* 143 AD2d 223, 224). Furthermore, the plaintiff acted promptly to cure certain of the items cited, and is thus in substantial compliance with the terms of the lease *(see, Vanguard Diversified v Review Co.,* 35 AD2d 102, 104-105; *cf., TSS-Seedman's, Inc. v Nicholas, supra,* at 224). Nor does the record support the defendant's contention that the plaintiff was otherwise in material breach under the lease *(see, Restoration Realty Corp.*

*v Robero, supra).* In any event, it is undisputed that the defendant did not serve any notice in writing to the plaintiff of any violations of law or of the lease prior to the termination date for renewal of the option *(see, Restoration Realty Corp. v Robero, supra,* at 305; *cf., TSS-Seedman's, Inc. v Nicholas, supra).* Indeed, it would appear that the landlord, acting in bad faith, used last-minute violations to deny the tenant's right to renew, contrary to the intention of the parties *(see, Vanguard Diversified v Review Co., supra,* at 105-106).

We have examined the remaining contentions advanced by the parties and find them to be without merit, or, in view of our determination, academic. Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.