■ LUIS GASTON, Respondent, v GREAT NECK UNION FREE SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Respondent. BAY WELDING, INC., Third-Party Defendant-Appellant. [612 NYS2d 438] —In an action to recover damages for personal injuries, the third-party defendant Bay Welding, Inc., appeals from an order of the Supreme Court, Nassau County (Becker, J.), dated June 22, 1992, which granted the motion of the Great Neck Union Free School District for partial summary judgment in its favor on the third and fourth causes of action in the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment is denied.

On October 29, 1990, the plaintiff Luis Gaston was injured while in the employ of the third-party defendant, Bay Welding, Inc., and while working on a boiler in the basement of the Saddle Rock Elementary School. The school was owned and operated by the defendant third-party plaintiff Great Neck Union Free School District. The plaintiff commenced a negligence action against the Great Neck Union Free School District. Thereafter, the Great Neck Union Free School District served a third-party complaint upon Bay Welding, Inc., seeking, *inter alia,* indemnification on the ground that Bay Welding, Inc., in violation of the contract for the work on the boiler, had failed to procure general liability insurance on behalf of Great Neck Union Free School District, or to have Great Neck Union Free School District named as an additional named insured on the policy of Bay Welding, Inc. The Supreme Court granted summary judgment in favor of the Great Neck Union Free School District, finding that Bay Welding, Inc., had failed to produce proof that it obtained the required insurance. We now reverse and deny summary judgment.

The contract for the work on the boiler is ambiguous with respect to whether Bay Welding, Inc., is required to obtain

general liability coverage for the benefit of the Great Neck Union Free School District. Bay Welding, Inc., contends that it complied with the terms of the contract by providing Workers' Compensation coverage. Contrary to the contention of the Great Neck Union Free School District, Bay Welding, Inc., properly preserved this claim for appellate review by contending, in the Supreme Court, that it had obtained the insurance coverage required by the contract. We further find that a trial is necessary to resolve the ambiguity as to what type of coverage the parties intended to require under the terms of their agreement. Accordingly, summary judgment is denied. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.