■ **M.B.S. LOVE UNLIMITED, INC.,** Appellant, v **JACLYN REALTY ASSOCIATES,** Respondent. [657 NYS2d 358] —In an action, *inter alia,* for a judgment declaring the plaintiff's obligation to pay taxes pursuant to a lease with the defendant, the plaintiff appeals from a judgment of the Supreme Court, Queens County (LeVine, J.), dated July 8, 1996, entered upon an order of the same court dated June 15, 1995, granting those branches of the defendant's motion which were (a) to dismiss the plaintiff's cause of action to recover damages for fraud and (b) for summary judgment on its counterclaims, which is in favor of the defendant and against it. The defendant's notice of appeal from the order dated June 15, 1995, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, with costs, the order dated June 15, 1995, is vacated to the extent that it granted those branches of the defendant's motion which were for summary judgment on its counterclaims, those branches of the defendant's motion are denied.

On or about June 4, 1987, the parties executed a lease wherein the plaintiff, a manufacturer of tee shirts (hereinafter the tenant), rented space for a period of five years in a commercial building owned by the defendant (hereinafter the owner). The lease contained a provision that the tenant had to pay the owner, as additional rent, 40% of real estate tax increases above the June 1987 tax level. Another provision exempted from the 40% formula any increases in real estate taxes due to the sale of the "demised premises" or the construc-

tion by someone other than the tenant of additional square footage to the building in which the demised premises was located. Three years after execution of the lease, the owner built a separate building on an undeveloped portion of the lot. This resulted in a putative increase in the tenant's tax burden which the tenant refused to pay. After the tenant's application for preliminary injunctive relief was denied, and the order denying that relief was affirmed by this Court (*see, M.B.S. Love Unlimited v Jaclyn Realty Assocs.*, 215 AD2d 537), the Supreme Court granted summary judgment in favor of the owner on its counterclaims, finding that the lease was clear on its face and that the tenant was required to pay 40% of the increased tax bill notwithstanding that it was the owner's construction of an additional building which generated the increased tax bill. We disagree.

The lease is ambiguous with respect to whether the tenant leased the entire tax lot or just the building in which it was situated, whether the tenant was obligated to pay for real estate taxes with respect to the entire tax lot or just the land directly underneath the building in which it was situated, and whether the tenant was obligated to pay for tax increases resulting from the owner's construction of another building on the tax lot. These issues of fact must be resolved at trial. Accordingly, the Supreme Court erred in granting summary judgment to the owner (*see, Gaston v Great Neck Union Free School Dist.*, 204 AD2d 683).

We have reviewed the tenant's remaining contention and find it to be without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.