■ MELVIN KAPLAN et al., Respondents, v AMSTERDAM VIDEO, INC., Appellant. [699 NYS2d 37] —Order of the Appellate Term of the Supreme Court, First Department, entered March 17, 1998, which affirmed an order of the Civil Court, New York County (Shirley Werner Kornreich, J.), entered March 7, 1997, granting a judgment of possession in favor of the landlord in a commercial holdover proceeding, unanimously affirmed, without costs.

While the landlord asserts that it never received notice that the tenant was electing to exercise its right to renew the lease, the tenant asserts that it sent the landlord written and timely

notice of such election, albeit not by certified mail as required by the lease. It argues that such noncompliance should not result in a forfeiture of the lease because, shortly before the lease expired, it incurred substantial expense in repairing plate glass and replacing office equipment that had been damaged or lost in a burglary. The landlord properly prevailed. No equitable interest warranting protection against forfeiture is shown where the lease provided that the tenant was to bear the expense of "any and all plate glass damaged or broken from any cause whatsoever", and that the landlord was not to be liable for any damage or loss to the tenant's property "by theft or otherwise" (compare, 95 E. Main St. Serv. Sta. v H & D All Type Auto Repair, 162 AD2d 440, with Grunberg v George Assocs., 104 AD2d 745). Concur—Sullivan, J. P., Tom, Rubin, Andrias and Buckley, JJ.