■ EXPEDITE NYC, Inc., Respondent, v 1600 STEWART AVENUE, L. L. C., Appellant. [715 NYS2d 160] —In an action, *inter alia,* for a judgment declaring that the plaintiff timely exercised an option to renew a lease, the defendant appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated September 23, 1999, which granted the plaintiff's cross motion for partial summary judgment on the second cause of action for a declaration that it had timely exercised the option to renew.

Ordered that the order is reversed, on the law, with costs, and the cross motion is denied.

The Supreme Court erred in granting the plaintiff's cross motion for partial summary judgment on the second cause of action. The lease is ambiguous with respect to when the parties intended the renewal term to commence, the determination of which is pivotal in ascertaining whether the plaintiff timely exercised its option to renew (*see, M.B.S. Love Unlimited v Jaclyn Realty Assocs.,* 238 AD2d 388; *Jackson Hgts. Med. Group v Complex Corp.,* 222 AD2d 409, 411; *see generally, Matter of Wallace v 600 Partners Co.,* 86 NY2d 543, 548; *Breed v Insurance Co.,* 46 NY2d 351, 355). Accordingly, an issue of fact to be resolved at trial exists, and summary judgment is not appropriate (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). Moreover, issues of fact exist as to whether non-renewal of the lease would result in a substantial forfei-

ture on the part of the tenant (*see,* CPLR 3212 [b]; *Zuckerman v City of New York, supra,* at 562; *see also, J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392; *Dan's Supreme Supermarkets v Redmond Realty Co.,* 216 AD2d 512; *Souslian Wholesale Beer & Soda v 380-4 Union Ave. Realty Corp.,* 166 AD2d 435). Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.