■ JOSEPH VITARELLI, Appellant-Respondent, v EXCEL AUTOMOTIVE TECH. CENTER, INC., Respondent-Appellant. [811 NYS2d 689]—

In an action for a judgment declaring that an option to purchase certain real property is unenforceable, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated April 14, 2005, as denied his motion for summary judgment, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment on its counterclaims.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Equity will relieve a tenant from a failure to timely exercise an option in a lease to renew or purchase if (1) the tenant in good faith made substantial improvements to the premises and would otherwise suffer a forfeiture, (2) the tenant's delay was the result of an excusable default, and (3) the landlord was not prejudiced by the delay (see *J.N.A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392 [1977]; *P.L. Dev. v Fetterman*, 293 AD2d 657 [2002]; *Souslian Wholesale Beer & Soda v 380-4 Union Ave. Realty Corp.*, 166 AD2d 435 [1990]; *Tritt v Huffman & Boyle Co.*, 121 AD2d 531 [1986]).

We agree with the Supreme Court that there is a triable issue of fact regarding whether the tenant would suffer a substantial forfeiture if its exercise of the option to purchase the premises were not deemed effective (see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *see also J.N.A. Realty Corp. v Cross Bay Chelsea, supra; Expedite NYC v 1600 Stewart Ave.*, 276 AD2d 740 [2000]). Accordingly, the Supreme Court properly denied the landlord's motion for summary judgment and the tenant's cross motion for summary judgment on its counterclaims. Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.