■ JOHN D. PARKER, Appellant, v MARGARET BOOKER, Respondent. [822 NYS2d 156]—

In an action for specific performance of a real estate option agreement, the plaintiff appeals from a judgment of the County Court, Suffolk County (Bohrer, J.), dated November 15, 2004, which, after a nonjury trial, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The terms of the option agreement between the plaintiff and the defendant required the plaintiff to pay the property taxes on the defendant's land during the four-year option period. This he failed to do. After the plaintiff failed to do so for two years and seven months, the defendant listed the land for sale.

"It is well settled that in order to validly exercise an option to purchase real property, the optionee must strictly adhere to the terms and conditions of the option agreement" (*D. A. D. Rest. v Anthony Operating Corp.*, 139 AD2d 485, 486 [1988]; *see also*

*T.I.P. Holding No. 2 Corp. v Wicks*, 63 AD2d 263 [1978]), and after a reasonable time has elapsed without one party adhering to the terms and conditions of the agreement, the other party is free to rescind the contract (*see Perna v Desai*, 101 AD2d 857, 858 [1984], *affd* 63 NY2d 898 [1984]). Accordingly, the defendant was free to rescind the contract, and the plaintiff was not entitled to specific performance.

Contrary to the opinion of our dissenting colleague, neither the fact that the plaintiff paid taxes before entering into the contract nor the defendant's failure to demand that the plaintiff pay the taxes or provide him with copies of the tax bills alters this conclusion. The parties' respective obligations are governed by the terms of the contract (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *First Nationwide Bank v Brookhaven Realty Assoc.*, 223 AD2d 618, 621 [1996]), and we are not free to add additional terms to those obligations (*see Stathakis v Poon*, 295 AD2d 496, 497 [2002]; *Slamow v Del Col*, 174 AD2d 725 [1991], *affd* 79 NY2d 1016 [1992]; *see also Chemical Bank v Meltzer*, 93 NY2d 296, 303 [1999]; *Fiore v Fiore*, 46 NY2d 971, 973 [1979]). The contract unambiguously imposed on the plaintiff the obligation to pay the taxes. There is nothing in the contract that obligated the defendant to provide the plaintiff with notice of the tax amount or the date on which payment was due. In fact, the contract imposed no obligations on the defendant with respect to the payment of taxes. That the plaintiff may have paid taxes before entering into the contract is irrelevant to his compliance with his contractual obligations (*cf. Jorjill Holding v Grieco Assoc.*, 6 AD3d 500 [2004]).

Finally, the failure of the contract to specify a date on which the taxes were required to be paid does not abrogate the plaintiff's obligation to pay the taxes (*see Silken v Farrell*, 281 App Div 718 [1952], *affd* 306 NY 585 [1953]; *see also Hadlick v DiGiantommaso*, 154 AD2d 338 [1989]). Where a contract is silent as to the date of performance, the law will imply a reasonable date (*see Savasta v 470 Newport Assoc.*, 82 NY2d 763, 765 [1993]; *Teramo & Co. v O'Brien-Sheipe Funeral Home*, 283 AD2d 635, 636 [2001]). What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case (*see Ben Zev v Merman*, 73 NY2d 781, 783 [1988]). Since real property taxes by their nature are due on a particular day, the reasonable date on which they were required to be paid is the date on which they were due (*see* Real Property Tax Law §§ 902, 924, 925, 926 [1]; *cf. Travelers Ins. Co. v 633 Third Assoc.*, 14 F3d 114, 123 [1994]; *Nunner v Newburgh City School Dist.*, 92 AD2d 888 [1983]). In any event, there is no

dispute that at the time the defendant rescinded the contract, no tax payments had been made by the plaintiff for more than 2½ years, a period of time sufficiently long to conclude, under the circumstances of this case, that the plaintiff had defaulted under the terms of the option agreement requiring him to pay real property taxes. Krausman, J.P., Spolzino and Dillon, JJ., concur.

Lifson, J., dissents and votes to reverse the judgment and award specific performance to the plaintiff, with the following memorandum: The evidence at the nonjury trial established the following facts. On February 10, 1998 the plaintiff and the defendant executed an agreement entitled "Option For Purchase of Real Property" (hereinafter the agreement) regarding land owned by the defendant. Pursuant to the agreement, the plaintiff received an option for four years to purchase the land for $145,000. The agreement provided, inter alia, that, the "buyer will pay all real estate taxes on the land during this period of development." The agreement was silent as to the mechanism for notifying the plaintiff when the taxes were due or when the plaintiff was obligated to tender payment or to whom payment was to be tendered (i.e., the tax receiver or the defendant in the nature of reimbursement). The record showed however, that before executing the agreement, on January 12, 1998, $2,050.09 for the real estate taxes due on the property was paid by the plaintiff for the period from December 1, 1997 through May 31, 1998.

Thereafter the plaintiff never paid any further sums to the defendant or the tax receiver. However, during this time the defendant never forwarded any tax bills to the plaintiff or demanded any reimbursement of any taxes actually paid. Instead, during that period, the defendant timely paid all of the taxes on the land. At no time did the defendant ever communicate with the plaintiff and demand payment for the taxes advanced by the defendant or intimate to the plaintiff that his failure to pay the taxes when due was causing her to deem the option void. On September 11, 2000, unbeknownst to the plaintiff, the defendant listed the land for sale with a broker. On October 20, 2000, and again on November 9, 2000, the plaintiff notified the defendant in writing of his desire to exercise the option to purchase the land, but the defendant refused to sell him the land.

After a nonjury trial, the court ruled in favor of the defendant, finding that the plaintiff forfeited his right to exercise the purchase option by failing to pay the property taxes.

For the reasons set forth below, I think that result is contrary

to the facts adduced at trial and contrary to established law. In an action to enforce an option, the holder of the option has the burden of establishing that "a tender of his or her own performance was made unless tender was waived or the necessity for such a tender was obviated by acts of the other party amounting to an anticipatory breach of the contract or establishing that such party would be unable to perform" (*Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021, 1021-1022 [1991] [citations omitted]; *see Morey v Sings*, 174 AD2d 870 [1991]). The facts clearly show that the plaintiff satisfied this burden. The issue dividing the panel is the effect of the plaintiff's failure to pay the outstanding real estate taxes. In my view nothing in the option agreement provided for a time in which the taxes were to be paid. That one obligated to pay real estate taxes may defer such payments beyond the time contemplated by the taxing authority is a common practice in the sale of real estate for development purposes.

More significantly, the facts that the defendant previously accepted payment of taxes upon presentment to the plaintiff of a tax bill and that, thereafter, the defendant never forwarded the tax bills over which she had exclusive control to the plaintiff or even made demand of the plaintiff for the payment of the taxes before reneging on the contract, relieved the plaintiff from proving what would otherwise be an essential element of his cause of action (*see Moray v DBAG, Inc.*, 305 AD2d 472 [2003]; *Ehrenpreis v Klein*, 260 AD2d 532 [1999]). At trial, the defendant offered no satisfactory explanation as to why she made no attempts to seek payment for the taxes from the plaintiff. The inescapable conclusion is that her assertion that the plaintiff's failure to pay taxes voided the option was merely an after-the-fact rationalization for her breach of the contract.

Accordingly, I would reverse the judgment appealed from and award specific performance to the plaintiff.