■ JANET CIRIGNOTTA MECCARIELLO, Also Known as JANET CIRIGNOTTA, Respondent, v SADIE DI PASQUALE, Appellant. [826 NYS2d 702]—

In an action, inter alia, to enforce a stipulation of settlement, the defendant appeals from a judgment of the Supreme Court, Kings County (Jacobson, J.), dated March 3, 2005, which, upon two orders of the same court dated July 14, 2004 and January 25, 2005, respectively, among other things, granting the plaintiff's motion for summary judgment on her first cause of action and denying the defendant's cross motion for summary judgment dismissing the complaint, for summary judgment on her counterclaims, and to disqualify the plaintiff's counsel, is in favor of the plaintiff and against her directing her to specifically perform the terms of a stipulation of settlement dated April 17, 1996.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff's motion for summary judgment is denied, and the orders dated July 14, 2004 and January 25, 2005, respectively, are modified accordingly.

This action concerns a dispute over a three-family residence (hereinafter the subject property), now owned equally by the plaintiff and the defendant, the resolution of which has been delayed by long-standing animosity between the parties past and present, all of whom are or were related by birth or marriage. On April 17, 1996 a prior action seeking a partition and sale of the subject property was concluded by a stipulation of settlement. The stipulation, inter alia, granted the plaintiff the option to purchase the defendant's interest in the subject property for the sum of $100,000, which option was to be exercised within 90 days. On July 16, 1996, the 90th day after the stipula-

tion was entered into, counsel for the plaintiff notified opposing counsel of the plaintiff's intent to exercise the option. However, as of April 2002 the sale had yet to be consummated. Thus, the plaintiff commenced this action to compel specific performance of the stipulation or to recover damages for breach of contract. The defendant, inter alia, counterclaimed for a partition and sale of the subject property. The plaintiff moved for summary judgment on her cause of action to compel specific performance. The defendant cross-moved for summary judgment dismissing the complaint and on her counterclaims, and to disqualify counsel for the plaintiff. The Supreme Court directed specific performance of the stipulation. We reverse.

To validly exercise an option to purchase real property, the optionee must strictly adhere to the terms and conditions of the option agreement (*see Parker v Booker*, 33 AD3d 602 [2006]). If the option agreement does not contain any dates certain for the execution of the contract or for the closing of title, parties are given a reasonable time to tender performance (*see 2M Realty Corp. v Boehm*, 204 AD2d 620 [1994]; *Miller v Duffy*, 162 AD2d 438 [1990]; *Ludlam Stead v Rezza*, 147 AD2d 457 [1989]). After a reasonable time has elapsed without one party adhering to the terms and conditions of the agreement, the other party is free to rescind the agreement (*see Parker v Booker, supra; Perna v Desai*, 101 AD2d 857 [1984], *affd* 63 NY2d 898 [1984]). Here, in support of her motion for summary judgment, the plaintiff failed to demonstrate, prima facie, that she tendered performance or made time of the essence, and that she was ready, willing, and able to perform her obligations under the stipulation within a reasonable period of time after the execution of the stipulation (*see Roland v Benson*, 30 AD3d 398 [2006]). Conversely, the defendant failed to demonstrate, prima facie, that she demanded performance or made time of the essence, and that she was ready, willing, and able to perform her obligations under the stipulation within a reasonable period of time after the execution of stipulation (*see id.*). Thus, neither party demonstrated entitlement to judgment as a matter of law. Indeed, although a lapse of approximately six years between the execution of the stipulation and the commencement of this action appears significant on its face, the parties failed to demonstrate that this period was either reasonable or unreasonable as a matter of law on the facts presented. Rather, as noted, neither party demonstrated that they made time of the essence or otherwise tendered or demanded performance of the stipulation within this period, and correspondence in the record indicates that efforts to arrange a closing continued until at least January 2000. Finally, although the record has yet to be developed, at least

some delay appears attributable to efforts to resolve lingering disputes over the possession of certain personal items from the subject property.

The Supreme Court properly denied that branch of the defendant's cross motion which was for disqualification of the plaintiff's counsel. On the record before us, disqualification is premature (*see Phoenix Assur. Co. of N.Y. v Shea & Co.*, 237 AD2d 157 [1997]; *Raul Cleaners Corp. v Kim's Landmark Cleaners Corp.*, 210 AD2d 144 [1994]).

The parties' remaining contentions are without merit. Crane, J.P., Ritter, Lunn and Covello, JJ., concur.