In an action, inter alia, for specific performance of an option to purchase certain real property, the defendant appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated April 25, 2007, which, in effect, granted the plaintiff’s motion to compel the defendant to comply with a so-ordered stipulation of the same court dated May 26, 2005.
Ordered that the order is affirmed, with costs.
The plaintiff is a not-for-profit corporation licensed by the New York State Office of Alcoholism and Substance Abuse Services to provide counseling services. The plaintiff, as tenant, and the defendant, as landlord, were parties to a lease for certain real property located in Staten Island. The lease contained an option for the plaintiff to purchase the real property demised under the lease exercisable within the first five years of the lease term. Within that five-year period, the plaintiff sought to exercise the option and when its attempt to do so was unsuccessful, it commenced this action, inter alia, for specific performance. The plaintiff subsequently moved for summary judgment on the complaint and the motion was resolved by a so-ordered stipulation dated May 26, 2005 (hereinafter the stipulation), executed by both parties.
A so-ordered stipulation, as a contract, must be read as a whole, with every part interpreted with reference to the whole so as to give effect to its general purpose (see Bailey v Fish & Neave, 8 NY3d 523 [2007]; Beal Sav. Bank v Sommer, 8 NY3d 318, 324-325 [2007]; NYCTL 2004-A Trust v Fulton St. Holding *506 Corp., 44 AD3d 832 [2007]). Here, the general purpose of the stipulation was to resolve the plaintiffs prior motion for summary judgment on its complaint, inter alia, for specific performance of the option to purchase the subject property. The stipulation expressly conditioned the sale on the plaintiffs obtaining approval of the State of New York. Moreover, pursuant to the stipulation, the parties agreed to close 45 days after such approval was obtained. While the stipulation did not specify a time period within which such approval was required to be obtained, it expressly stated that time was not of the essence.
If an option does not contain any dates certain for the execution of the contract or for the closing of title, parties are given a reasonable time to tender performance (see Meccariello v Di Pasquale, 35 AD3d 678, 679 [2006]; Parker v Booker, 33 AD3d 602 [2006]), and after a reasonable time has elapsed without one party adhering to the terms and conditions of the agreement, the other party is free to rescind the agreement. Contrary to the defendant’s contention, the plaintiff adhered to the terms and conditions of the stipulation and sought to tender performance in a reasonable time. Accordingly, the Supreme Court properly, in effect, granted the plaintiffs motion to compel the defendant to comply with the stipulation.
The defendant’s remaining contentions are without merit. Skelos, J.E, Ritter, Garni and Dickerson, JJ., concur.