OPINION OF THE COURT
Memorandum.
Ordered that the final judgment entered March 27, 2008 is affirmed without costs; and it is further ordered that the judgment entered August 15, 2008 is reversed without costs and the award of attorney’s fees to occupant Omnipoint Communications, Inc. is vacated.
Petitioner commenced this summary proceeding to recover possession of a rooftop premises on which Omnipoint Communications, Inc. (occupant) had erected a communications tower. After a nonjury trial, a final judgment was entered in favor of occupant dismissing the petition. Following a hearing, a judgment was entered awarding occupant attorney’s fees in the sum of $54,000.
.The following facts were adduced at trial. On June 5, 2006, petitioner and occupant, a telecommunications company, entered into an option agreement whereby, “[i]n consideration of the payment of [$500],” petitioner granted occupant an option, until June 4, 2007, to lease rooftop premises from petitioner for the installation of telecommunications equipment. Occupant also agreed to pay petitioner a signing bonus, equal to a month’s rent, within 30 days of the “Effective Date” of the “lease.” The agreement permitted occupant access to the premises for the limited purpose of performing tests, taking measurements and the like, to determine the premises’ suitability for its equipment and to aid occupant in deciding whether to exercise the option.
In a letter to petitioner dated June 30, 2006, which issued from the Washington State offices of “T-Mobile,” of which occupant, based in New Jersey, is a wholly owned subsidiary, occupant stated that “[p]ursuant to the June 5, 2006 Lease with *77 Option,” it would send, under separate cover, a check for $2,500, representing the $500 option fee and the $2,000 signing bonus. There is no dispute that T-Mobile stopped the option fee and signing bonus check, in September 2006, when it realized that the check had issued to the wrong payee. On December 1, 2006, occupant, allegedly unaware that the option fee had not been paid, commenced construction of a communications tower. On at least two occasions during the construction, petitioner’s principal visited the site and observed the work in progress, but made no effort to halt the work or to notify occupant that it had failed to comply with the terms of the option and lease agreement by failing to pay the fee and entering onto the property for any purpose other than for the inspection and testing permitted by the option agreement. In a letter dated December 11, 2006, occupant informed petitioner that it thereby exercised the option and that it considered “the June 5, 2006 agreement between [petitioner] and T-Mobile [szc] [to have] commenced” as of the date construction began. On January 15, 2007, petitioner sent occupant an e-mail declaring that the option could not be exercised because occupant had never paid the $500 option fee, inasmuch as the purported payment had been stopped, and that occupant must remove its equipment from the premises. On January 22, 2007, occupant tendered the option fee and signing bonus, which tender petitioner rejected. Petitioner subsequently commenced this summary proceeding to recover possession.
“An option contract [to lease a premises] is an agreement to hold an offer open; it confers upon the optionee, for consideration paid, the right to [lease the premises] at a later date” (Broadwall Am., Inc. v Bram Will-El LLC, 32 AD3d 748, 751 [2006], quoting Leonard v Ickovic, 79 AD2d 603 [1980], affd 55 NY2d 727 [1981]). “An option contract is a promise which meets the requirements for the formation of a contract and limits the promisor’s power to revoke an offer” (Restatement [Second] of Contracts § 25), and an option offer is “made binding by consideration . . . [that is,] giving the requested price for the performance of the other party to the contract” (1 Lord, Willis-ton on Contracts § 5:16 [4th ed]). Where the option involves the purchase or lease of real property, an “ ‘optionee must strictly adhere to the terms and conditions of the option agreement’ ” (Parker v Booker, 33 AD3d 602, 602 [2006], quoting D. A. D. Rest. v Anthony Operating Corp., 139 AD2d 485, 486 [1988]; see also Urban Archaeology Ltd. v Dencorp Invs., Inc., 12 AD3d 96, 103 [2004]).
*78 While occupant may have failed to comply with the terms of the option contract (see Parker, 33 AD3d at 603 [“after a reasonable time has elapsed without one party adhering to the terms and conditions of the agreement, the other party is free to rescind the contract”]), and the failure of consideration is a ground to rescind the contract (see Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co., 199 NY 268, 284 [1910]; Parker v Booker, 33 AD3d 602 [2006]; RR Chester, LLC v Arlington Bldg. Corp., 22 AD3d 652, 654 [2005]; cf. Diamond v Scudder, 45 AD3d 630, 632 [2007]), under the circumstances presented, equity will intervene to prevent a substantial forfeiture from occurring and will not permit petitioner to assert, as it did in its January 15, 2007 communication to occupant, that occupant had failed to exercise the lease option because it had not paid the option fee in the six months prior to the construction, and to demand that occupant remove its equipment and surrender possession.
An equitable interest is recognized and protected against forfeiture where a tenant has in good faith made improvements of a substantial character intending to continue its interest in the premises, the landlord is not harmed by the delay and the tenant would sustain a substantial loss if the interest were not preserved (95 E. Main St. Serv. Sta. v H & D All Type Auto Repair, 162 AD2d 440, 441 [1990]; see also Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 695 [1995] [equity may intervene to “relieve() against . . . forfeitures of valuable lease terms when default in notice has not prejudiced the landlord” (quoting Jones v Gianferante, 305 NY 135, 138 [1953])]; J. N. A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392, 397 [1977]; Weissman v Adler, 187 AD2d 647, 648 [1992]). Here, the forfeiture would be so substantial as to merit equitable relief (e.g. Vitarelli v Excel Automotive Tech. Ctr., Inc., 25 AD3d 691 [2006]). Indeed, relief is particularly warranted as occupant’s initial attempt to pay the option fee failed only through inadvertence (e.g. Popyork, LLC v 80 Ct. St. Corp., 23 AD3d 538 [2005]; but see L.I.C. Commercial Corp. v Rosenthal, 202 AD2d 644, 645 [1994]), and petitioner, aware that construction had commenced, failed to object at a time when occupant’s damages could be mitigated. Consequently, we deem the lease to have commenced as of December 1, 2006, and we find that occupant is entitled to possession pursuant thereto. Accordingly, the final judgment dismissing the petition is affirmed, albeit on other grounds.
*79 While the lease contains a provision which states that the prevailing party in litigation is entitled to attorney’s fees, because equity has intervened to avoid occupant’s forfeiture of a valuable leasehold, it would be manifestly unfair to reimburse occupant for such fees (Jacreg Realty Corp. v Barnes, 284 AD2d 280 [2001]; e.g. Huron Assoc., LLC v 210 E. 86th St. Corp., 18 AD3d 231, 232 [2005]; Solow Mgt. Corp. v Lowe, 1 AD3d 135 [2003]). Accordingly, the judgment awarding occupant attorney’s fees of $54,000 is reversed and the award is vacated.