Golia, J.
(dissenting in part and concurring in part and voting to reverse the final judgment entered March 27, 2008 and the judgment entered August 15, 2008, and to direct the entry of a final judgment in favor of petitioner, in the following memorandum). I agree with my colleagues that the judgment awarding occupant $54,000 in attorney’s fees must be reversed and the award vacated. However, I do not agree with the majority’s affirmance of the final judgment dismissing the petition.
My colleagues in the majority correctly point out that “[w]here the option involves the purchase or lease of real property, an ‘optionee must strictly adhere to the terms and conditions of the option agreement’ (Parker v Booker, 33 AD3d 602, 602 [2006])” (some internal quotation marks and additional citations omitted). I also agree with the majority in its finding that, under all the facts and circumstances of the case at bar, “occupant . . . failed to comply with the terms of the option contract . . . and the failure of consideration is a ground to rescind the contract (see Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co., 199 NY 268, 284 [1910])” (additional citations omitted).
It is uncontested that occupant failed to comply with the terms of the option contract. Initially, occupant sent a letter to petitioner stating that it was exercising its option “[p]ursuant to the June 5, 2006 Lease with Option” and would send a check for $2,500 under separate cover. A check in the sum of $2,500 was subsequently sent, but it named the wrong payee, and thereafter, in September 2006, a “stop payment” order was placed on that check. Yet, despite the fact that the “wrong” check, on which payment had subsequently been stopped, had been sent and had not been replaced, occupant without notice entered the roof portion of the premises and commenced its work in the area at issue. Occupant then sent a letter dated December 11, 2006, once again informing petitioner that it was exercising its option, but nevertheless still failed to include the payment that was required under the option.
*80 Notwithstanding occupant’s assertion that it was once again exercising its option, petitioner sent an e-mail on January 15, 2007 declaring that the option was rescinded as a result of occupant’s failure to make the payments required either the first time the option was allegedly exercised or the second time it was allegedly exercised, on December 11, 2006. It was only on January 22, 2007, which was after petitioner’s e-mail notice of January 15, 2007 which rescinded the contract, that occupant finally tendered the option fee and signing bonus to the correct payee in accordance with the option contract.
I find that the undisputed facts of this case, coupled with the unambiguous case law regarding the issues presented, mandate that a judgment of possession be awarded to petitioner.
The majority holds that “under the circumstances presented, equity will intervene to prevent a substantial forfeiture from occurring.” I disagree. I cannot find, upon a review of the appellate briefs and the trial record, proof of any specific explanation, beyond mere assertions, of what constitutes a “substantial forfeiture” that is being prevented. Indeed, the hardship asserted by the occupant corporation is one which it itself created. Such an assertion is hardly a basis for an allegation that the removal of the work done imposes additional costs upon occupant, which the majority here would now equitably establish as an undue hardship rising to the level of a substantial forfeiture. All this from the occupant corporation, which has more than 2,000 similar contracts outstanding.
Accordingly, I vote to reverse the final judgment and grant a final judgment of possession in favor of petitioner.
Pesce, P.J. and Rios, J., concur; Golia, J., dissents in part and concurs in part in a separate memorandum.