Fernandez v Abatayo (2019 NY Slip Op 03571)





Fernandez v Abatayo


2019 NY Slip Op 03571


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-07626
 (Index No. 23501/13)

[*1]Herminio Fernandez, respondent,
v
Jeffrey Abatayo, appellant.


Cox Padmore Skolnik & Shakarchy LLP, New York, NY (Steven D. Skolnik and Sanford Hausler of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Queens County (Tracy Catapano-Fox, Ct. Atty. Ref.), entered May 23, 2017. The judgment, insofar as appealed from, upon a decision of the same court dated May 10, 2017, made after a nonjury trial, is in favor of the plaintiff and against the defendant in the principal sum of $56,586.97.
ORDERED that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, and the complaint is dismissed.
In 2011, the plaintiff, a licensed optician, decided to expand his retail business by creating a website, framesignature.com. In June 2011, the plaintiff hired the defendant to provide services related to developing and maintaining the website. On October 21, 2011, the parties formalized their agreement in writing. The written agreement provided, inter alia, that the defendant commenced working on the website on June 20, 2011, and acknowledged that he had been paid $439 weekly since that date; that the defendant would continue working on the website and expressly promised that the website would be active and operational; that starting October 29, 2011, the weekly payment of $439 would continue and would be deducted from the defendant's net company share of 10% provided that framesignature.com became profitable; and that for his services, inter alia, in keeping the site active and operational the defendant's compensation would be 10% of the net revenues generated from the online business. Thereafter, the parties entered into an additional agreement wherein, inter alia, the plaintiff agreed to advance the defendant $10,000 if the website became operational by February 14, 2012. The website did not become operational by February 14, 2012, and the plaintiff did not advance the defendant $10,000. The plaintiff ceased paying the defendant $439 per week in or about June 2012, and in December 2012, formally terminated the defendant's services related to framesignature.com. Subsequently, the plaintiff hired another programmer who developed a website for framesignature.com within nine months at a cost of $24,000.
The plaintiff commenced this action to recover damages for breach of contract and/or unjust enrichment. After a nonjury trial, the Supreme Court found in favor of the plaintiff on the cause of action alleging breach of contract and entered judgment in favor of the plaintiff and against the defendant in the principal sum of $56,586.97.
"The essential elements of a cause of action to recover damages for breach of contract [*2]are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Legum v Russo, 133 AD3d 638, 639; see All Seasons Fuels, Inc. v Morgan Fuel & Heating Co., Inc., 156 AD3d 591, 594; Alliance Natl. Ins. Co. v Absolut Facilities Mgt., LLC, 140 AD3d 810). " [A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645, quoting Greenfield v Philles Records, 98 NY2d 562, 569; see Legum v Russo, 133 AD3d at 639). When a contract does not specify the time for performance, the law will imply a reasonable time (see Savasta v 470 Newport Assoc., 82 NY2d 763, 765; Parker v Booker, 33 AD3d 602, 603; Teramo & Co. v O'Brien-Sheipe Funeral Home, 283 AD2d 635, 636). What constitutes a reasonable time for performance depends upon the facts and circumstances of the case (see Savasta v 470 Newport Assoc., 82 NY2d at 765; Parker v Booker, 33 AD3d at 603).
Here, the parties' agreement provided that the defendant would provide services related to developing and maintaining a website for the plaintiff's business. The agreement did not mandate that the website be operational by any particular date; only that the defendant would receive an advance if the website was operational by February 14, 2012. The evidence adduced at trial established that the defendant did provide services related to the development of the website. Moreover, the evidence did not establish that the defendant breached the parties' agreement by failing to provide an active and operational website within a reasonable time. Accordingly, we do not agree with the Supreme Court's determination that the defendant breached the parties' agreement.
The cause of action alleging unjust enrichment is precluded by the parties' written contract governing the same subject matter (see generally IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388; Cortazar v Tomasino, 150 AD3d 668, 670).
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court