OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*633 It is undisputed that the apartment occupied by the tenant is governed by the Rent Stabilization Code, a set of regulations applicable to New York City alone (see La Guardia v Cavanaugh, 53 NY2d 67, 78). Section 50 of the code specifically provides: “No tenant, so long as he continues to pay the rent to which the owner is entitled, shall be denied a renewal lease as prescribed by this Code”. The only “prescription” on this subject is contained in section 54 of the code, which states that the landlord is exempt from its obligation to offer a renewal lease “only” in one of the following five circumstances: (a) the occupancy is by a proprietary lessee, (b) the owner or his immediate family seeks occupancy, (c) the tenant refuses to renew an existing lease, (d) the owner is withdrawing the premises from the rental market, or (e) the tenant’s occupancy is not as a primary residence. There are no others. Specifically, deliberate and repeated tardiness in rent paying, such as that in which the tenant in this case engaged, whatever the other remedies available to the landlord, is not one of the enumerated causes for denial of renewal set forth in the code, drafted though this special local legislation was by the Rent Stabilization Association, whose members, as real property owners, may be assumed to be aware of the provisions of the code (see La Guardia v Cavanaugh, supra).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.