opinion of the court
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, New York County, reinstated.
 

 Section 60 of the Code of the Real Estate Industry Stabilization Association of New York City requires the landlord to offer the tenant renewal of the lease on the same terms except for authorized rent increases. Subdivision 7 of section 61 of the code creates an additional exception permitting the landlord to include a 90-day termination clause in the lease whenever the landlord has satisfied the Department of Housing Preservation and Development that a proposed co-operative or condominium plan has been submitted to the Attorney-General. The obvious statutory scheme and purpose is to require the landlord to provide the tenant, within the statutory period, with a binding offer containing all terms of the lease including the possibility of premature termination if a pending condominium or co-operative plan should become effective. Acceptance by the tenant then creates a binding lease agreement on the terms authorized by statute and included in the offer. Because in this case the offer did not, and could not then, include the cancellation clause prior to the tenant’s acceptance, that clause could not be part of the binding lease agreement.
 

 The fact that the landlord may not have intended the proposed lease and transmittal letter to constitute a binding offer is immaterial because the statute requires that the offer be binding.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Fuchsberg concur in memorandum; Judges Gabrielli
 
 *547
 
 and Meyer dissent and vote to affirm for reasons stated in the opinion by Justice Joseph P. Sullivan at the Appellate Division (80 AD2d 389).
 

 Order reversed, etc.