OPINION OF THE COURT
Richard S. Lane, J.
Is a rent-stabilized tenant entitled to a renewal lease when he is substantially in arrears in the payment of rent? Motion and cross motion here pose this question with the respective parties relying on the clashing language of sections 50 and 54 of the Code of the Rent Stabilization Association of New York City, Inc. (hereinafter the Code). Surprisingly, it appears to be a matter of first impression in the courts.
Facts are substantially undisputed. Respondent tenant’s latest lease expired on May 31, 1981. Prior to expiration and on or about February 27, petitioner landlord submitted the usual written offer of a renewal lease. Tenant accepted orally within a few days. Several months later and on or about May 18, landlord finally forwarded an appropriate lease which was signed and returned on or about June 15 with a check for the increased security due. Another month passed and, instead of a fully executed lease, tenant received a letter returning the check.
*718 A few weeks later on or about July 24, this holdover proceeding ensued seeking possession, rent, use and occupancy and attorney’s fees on the ground that the lease has expired and tenant was not entitled to a renewal lease. Tenant answered pleading affirmative defenses and counterclaims including breach of warrant of habitability based on excessive noise in an adjacent apartment. However, in the course of somewhat acrimonious disclosure proceedings, tenant on the record withdrew all defenses to the claim for rent in arrears. A subsequent motion seeking to reassert the defense was denied thus establishing the law of the case.
In this posture, landlord has moved to amend to seek rent and/or use and occupancy for the period from August 1, 1981 through August 31, 1982 and for partial summary judgment in the total amount due for rent and/or for use and occupancy. Tenant has cross-moved to dismiss for failure to state a cause of action or, in the alternative, for summary judgment dismissing the petition.
In support of its position, landlord relies on section 50 of the Code and on Park Summit Realty Corp. v Frank (56 NY2d 1025). Section 50 of the Code reads in part: “No tenant, so long as he continues to pay the rent to which the owner is entitled, shall be denied a renewal lease”.
In support of his position, tenant relies on section 54 of the Code and on Gruen v Patterson (55 NY2d 631). Section 54 of the Code reads in part: “The owner shall not be required to offer a renewal lease to a tenant only upon one of the following grounds” (emphasis added). Failure to pay rent is not one of the five grounds which follows in alphabetically designated subdivisions.
Neither of the Court of Appeals decisions cited are dis-positive although each lends comfort to the opposing positions.
In the Park Summit case (supra) after a lengthy period of nonpayment and after serving a 30-day notice pursuant to section 232-a of the Real Property Law, landlord commenced a holdover proceeding against an occupant who had become a permanent tenant pursuant to the Code of the Metropolitan Hotel Industry Stabilization Association, Inc. (hereinafter the Hotel Code). Sections 50 and 53 of the *719 two Codes then in force used similar language, but the Hotel Code contained nothing resembling section 54 (section 51 of the amended Hotel Code adopted in 1982 changes this). On motion Civil Court dismissed the petition, and Appellate Term (107 Misc 2d 318) and Appellate Division (84 AD2d 700) affirmed on the ground that a holdover proceeding would not lie against a permanent tenant and landlord would have to proceed by way of a nonpayment proceeding. In the Appellate Division, Presiding Justice Murphy wrote a concurring opinion in which he stated that, but for failure to serve a notice to cure, a holdover proceeding would have been proper pursuant to subdivision (a) of section 53 of the Hotel Code for violation of a substantial obligation of the tenancy. In a somewhat enigmatic affirmance the Court of Appeals appeared to adopt Justice Murphy’s concurrence.
To the extent that the Park Summit case (supra) may thus sanction a holdover proceeding for continued failure to pay rent, it lends comfort to landlord here. It is not dispositive, however, because of the differences in the two Codes, and, because landlord’s petition here is premised not on tenant’s default but upon a termination of his tenancy by its terms.
In Gruen v Patterson (supra) landlord commenced a declaratory judgment action seeking a determination that, by reason of chronic lateness in payment of rent, the stabilized tenant was not entitled to a renewal lease. Special Term on motion dismissed, and Appellate Division (79 AD2d 915) and the Court of Appeals (55 NY2d 631, supra) affirmed stating simply that chronic lateness in payment of rent was not one of the grounds set forth in section 54 of the Code entitling the landlord to decline to offer a renewal lease.
Nor, of course, is continued failure to pay rent. Accordingly, Gruen v Patterson (supra) while not dispositive because rent was all paid at the time of the petition, points strongly in tenant’s favor.
Furthermore the court observes that to allow landlord’s petition here would rob of any meaning the very different language of sections 50 and 54 of the Code. Section 50 does not add another basis for a holdover but rather creates a *720 condition precedent. And this is exactly the manner in which the Conciliation and Appeals Board (CAB) interprets it. When rent is in arrears, CAB directs a renewal lease conditioned upon payment of rent due (Delagarde v Saintiny, opn No. 25,254, March 24,1983; Reilling v Ebbit, opn No. 26,133, May 26, 1983).
While the court is not permitted the flexibility of the administrative solution, to allow landlord’s petition here to stand would deprive tenant of his right to comply with the condition precedent. This is a right which tenant would enjoy until the expiration of the statutory stay of execution of warrant in landlord’s nonpayment proceeding or, pursuant to the new RPAPL 753 (subd 4), even in landlord’s holdover premised on the approach suggested by Presiding Justice Murphy in the Park Summit case (supra). This is a right which landlord’s petition as pleaded here cuts off.
A further and independent basis for dismissal of landlord’s petition here is that, pursuant to section 60 of the Code, tenant’s acceptance of landlord’s offer of a renewal lease creates a contract enforceable in equity (Matter of East 56th Plaza v New York City Conciliation & Appeals Bd., 56 NY2d 544; De Santis v Randolph, 103 Misc 2d 573).
This determination renders moot landlord’s prayer for relief. There is no petition left to amend nor upon which to grant partial summary judgment (3 Rasch, NY Landlord & Tenant — Summary Proceedings [2d ed], § 1356.)
This determination clearly does not ultimately resolve the controversy between the parties. Hence tenant’s claim for attorney’s fees pursuant to section 234 of the Real Property Law is held in abeyance (Elkins v Cinera Realty, 61 AD2d 828).
Landlord’s motion to amend and for partial summary judgment is denied as moot and tenant’s cross motion for summary judgment dismissing the petition is granted.