■ MIGUEL BRASCHI, Respondent, v STAHL ASSOCIATES COMPANY, Appellant.—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered March 18, 1987, which granted plaintiff's motion for a preliminary injunction, restraining defendant landlord from evicting plaintiff from the apartment at which he currently resides, is unanimously reversed, on the law, and plaintiff's motion for a preliminary injunction denied, without costs.

On January 27, 1987, plaintiff commenced this action seeking a preliminary injunction to restrain the defendant landlord from taking further action to terminate his tenancy until the court could determine whether plaintiff, as the surviving gay life partner of the deceased tenant-of-record, was entitled to maintain occupancy of the apartment as the surviving spouse or family member of the deceased. Because plaintiff has not met his burden of proving a likelihood of success on the merits (Grant Co. v Srogi, 52 NY2d 496, 517), the I.A.S. court improperly granted his motion for a preliminary injunction, and we reverse.

Section 2204.6 of the New York City Rent and Eviction Regulations (9 NYCRR), which authorizes the issuance of a certificate for the eviction of persons occupying a rent-controlled apartment after the lease or other rental agreement of the tenant-of-record has expired or otherwise been terminated, provides in subdivision (d) that "[n]o occupant of housing accommodations shall be evicted under this section where the occupant is either the surviving spouse of the deceased tenant or some other member of the deceased tenant's family who has been living with the tenant." While plaintiff has set forth sufficient proof to establish that he and the deceased lived as a couple for 10 years and had a long-term relationship marked by love and fidelity for each other, he did not sustain his burden of proving the likelihood of success on the merits of his argument that as the gay life partner of the deceased he is one of the classes of individuals designated by section 2204.6 (d) as entitled to remain in an apartment after the death of the tenant-of-record.

The issue to be resolved in this action is distinct from issues

of right of association and protection from discrimination on the basis of sexual orientation or marital status. Rather, the issue concerns the right of succession to the leasehold property rights of a rent-control tenant, a right which did not exist at common law and which, consequently, is governed purely by statute. *(See, Robinson v Jewett,* 116 NY 40, 51; *McDonald v Fiss,* 54 App Div 489, 493; *cf., Sullivan v Brevard Assocs.,* 66 NY2d 489.)* The plaintiff has not persuasively demonstrated that in enacting section 2204.6 (d) to protect spouses and family members from eviction, the Legislature was also including and granting legal status and recognition to nontraditional family relationships. Homosexual partners cannot yet legally marry or enter into legally recognized family relationships. *(See, Matter of Robert Paul P.,* 63 NY2d 233, 238-239.)* In *Matter of Robert Paul P. (supra,* at 239), the Court of Appeals recognized that it is for the Legislature "as a matter of State public policy," to grant some form of legal status to a homosexual relationship. The Legislature has not yet done so. Accordingly, plaintiff has not presented arguments to dissuade us from an interpretation of section 2204.6 as only protecting surviving spouses and family members within traditional, legally recognized familial relationships.

Accordingly, the order granting plaintiff a preliminary injunction is reversed. Concur—Ross, J. P., Carro, Rosenberg and Smith, JJ.