■ JACREG REALTY CORP., Appellant, v MATTHEW BARNES et al., Respondents. [727 NYS2d 103] —Order of the Appellate Term of the Supreme Court, First Department, entered August 28, 2000, affirming so much of an order of the Civil Court, New York County (Deighton Waite, J.), entered on or about October 12, 1999, as denied petitioner's motion for attorneys' fees in a summary holdover proceeding, unanimously affirmed, with costs.

Notwithstanding petitioner's status as a prevailing party in this summary holdover proceeding in which petitioner was awarded use and occupancy covering the period between the expiration of the parties' prior lease and respondents' voluntary surrender of the subject apartment, an award of attorneys' fees may be denied "where bad faith is established on the part of the successful party or where unfairness is manifest" (*Nesbitt v New York City Conciliation & Appeals Bd.*, 121 Misc 2d 336, 340). Although there was no requirement that petitioner offer a lease renewal to respondents, once it did, respondents'

execution and delivery of the renewal lease resulted in a binding bilateral contract (*see, Matter of East 56th Plaza v New York City Conciliation & Appeals Bd.*, 56 NY2d 544) and petitioner's subsequent "withdrawal" of the renewal lease, in retaliation for respondents' inquiry to the Division of Housing and Community Renewal as to the legal rent status of the subject premises, constituted a substantial breach of the lease. Plainly, an award of attorneys' fees to petitioner, for prevailing in a summary holdover proceeding predicated upon petitioner's wrongful lease termination, would not have been justified.

We have considered petitioner's other contentions and find them unavailing. Concur—Rosenberger, J. P., Andrias, Lerner, Saxe and Friedman, JJ.