■ HURON ASSOCIATES, LLC, Respondent-Appellant, v 210 EAST 86TH STREET CORP., Appellant-Respondent. [794 NYS2d 360]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered May 21, 2004, after a nonjury trial, which, to the extent appealed from, declared plaintiff tenant in default of its lease obligation to give defendant landlord access to the premises to perform certain steel bracing and column reinforcement work therein, and dismissed landlord's counterclaim for attorneys' fees, unanimously modified, on the law, to vacate so much of the judgment as dismissed landlord's counterclaim for attorneys' fees, that counterclaim reinstated and severed for further proceedings thereon, and otherwise affirmed, without costs.

In pertinent part, article 13 of the subject commercial lease gives landlord the right to enter tenant's premises "to make such repairs, replacements or improvements as [landlord] may deem necessary and reasonably desirable to any portion of the building or which [landlord] may elect to perform, in the premises, following Tenant's failure to make repairs or perform any work which Tenant is obligated to perform under this lease." We find no basis on which to disturb the trial court's finding that this provision gives landlord a right of access to make any building improvements it reasonably deems desirable, and is not limited to such access as is necessary to perform work that tenant itself was obligated to perform (*cf. e.g. Cut-Outs, Inc. v Man Yun Real Estate Corp.*, 286 AD2d 258 [2001],

*lv denied* 100 NY2d 507 [2003]). Further, there is no basis for disturbing the trial court's finding that tenant is in default under article 13 of the lease. A different result is not required by article 49 of the lease rider, which provides that "[landlord's] right of access provided for in Article 13 shall be deemed to include . . . access . . . in order to construct footings, structural supports and other structural members if and at such time(s) as [landlord] elects to perform renovation or other work in or with respect to the movie theatre premises located in premises adjacent to the Building." Although landlord presently seeks access not to do structural work in connection with an adjacent movie theater, but rather because it desires to add two floors to the building, the specific inclusion of an improvement contemplated at the time of lease execution does not evince an intention to exclude all other improvements.

We modify to reinstate landlord's counterclaim for attorneys' fees, which the trial court improperly dismissed. The lease entitles landlord to recover attorneys' fees incurred in connection with tenant's default. Tenant has made no showing of any bad faith by landlord, and the fact that tenant's position in this litigation has not been frivolous does not render it manifestly unfair to enforce the lease's attorneys' fees clause (*cf. Jacreg Realty Corp. v Barnes*, 284 AD2d 280 [2001]).

We note that the fact that landlord has successfully defended this declaratory judgment action does not, by itself, provide a basis for rendering the landlord an award of attorneys' fees (*see Camatron Sewing Mach. v F.M. Ring Assoc.*, 179 AD2d 165, 169 [1992]). In this case, however, tenant is required to pay landlord's reasonable attorneys' fees, not as a penalty for having lost its declaratory judgment action, but as an agreed-upon consequence of its default under the terms of the lease, as found by the trial court and affirmed on appeal by this Court. Concur—Tom, J.P., Mazzarelli, Friedman, Gonzalez and Sweeny, JJ.