OPINION OF THE COURT
Memorandum.
Final judgment affirmed without costs.
After granting a motion by landlord to withdraw its holdover proceeding, commenced in 2005, and deeming the withdrawal with prejudice, the Civil Court permitted tenant to proceed with her counterclaim for attorney’s fees, pursuant to Real Property Law § 234. At trial, the court admitted into evidence, over landlord’s objection, a copy of a 1997 lease containing a provision allowing landlord to recover its attorney’s fees, and tenant testified that she had signed, photocopied and mailed the original 1997 lease back to landlord. Finding tenant’s testimony to be credible, the court awarded attorney’s fees to tenant in the sum of $2,250. On appeal, landlord argues that the court erred in relying on the copy of the 1997 lease introduced into evidence because it was not signed by landlord, was not the original document, and covered only the term from 1997 to 1999. Landlord maintains that neither party was in possession of a fully executed lease which provided for attorney’s fees. Tenant argues that the trial court was correct to credit her testimony and that her testimony was sufficient to allow the admission of the copy of the lease into evidence. Further, tenant maintains that since the subject premises were governed by the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4) and the Rent Stabilization Code (9 NYCRR parts 2520-2531 *80 [RSC]), her right to attorney’s fees must have continued, in subsequent leases.
A review of the record indicates that the court’s decision to admit the copy of the 1997 lease into evidence properly rested upon its evaluation of the credibility of the witnesses (see e.g. 67 Wall St. Co. v Franklin Natl. Bank, 37 NY2d 245, 248 [1975]). Tenant testified at trial that she had signed the original lease tendered to her by landlord and mailed it to landlord, but never received a fully executed version back from landlord. For its part, landlord claimed that it was not in possession of the lease. Accordingly, the court could properly find that tenant had accounted for her inability to produce the original lease in satisfaction of the best evidence rule (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639 [1994]; Dependable Lists v Malek, 98 AD2d 679 [1983]; Prince, Richardson on Evidence § 10-101 [Farrell 11th ed]).
We reject landlord’s contention that the 1997 lease was not binding because it was not signed by landlord. Since landlord’s offer of the 1997 lease was in compliance with its duty under RSC § 2522.5, and the offer was accepted by tenant, landlord’s signature on the lease was not required (see Matter of East 56th Plaza v New York City Conciliation & Appeals Bd., 56 NY2d 544 [1982]; Jacreg Realty Corp. v Barnes, 284 AD2d 280 [2001]). We also reject landlord’s contention that the attorney’s fees clause in the 1997 lease was not applicable because it was not the most recent lease. By virtue of the clause in the 1997 lease granting landlord its attorney’s fees, there was “implied in such lease a covenant by the landlord to pay to the tenant” her reasonable attorney’s fees (Real Property Law § 234). Consequently, tenant’s failure to introduce any subsequent lease is of no moment since even if landlord had omitted, in a subsequent lease, the provision granting it attorney’s fees, this would not act to deprive tenant of her vested right to attorney’s fees, as this right, once implied into the lease, could not be diminished or altered (RSC § 2522.5 [g]; see Matter of Century Operating Corp. v Popolizio, 60 NY2d 483, 489 [1983]). Accordingly, the final judgment is affirmed.
Pesce, PJ., Weston Patterson and Belen, JJ., concur.