■ In the Matter of YITZHAK "JAMES" PASTREICH, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 251 CPW HOUSING LLC, Intervenor-Respondent. [856 NYS2d 61]—

Judgment, Supreme Court, New York County (Lottie E. Wilkins, J.), entered November 3, 2006, insofar as appealed from as limited by the briefs, dismissing petitioner tenant's CPLR article 78 proceeding challenging respondent Division of Housing and Community Renewal's (DHCR) determination denying tenant's rent overcharge complaint, unanimously reversed, on the law, without costs, and the petition granted to the extent of remanding to DHCR for an evidentiary hearing on the issue of tenant's and intervenor-respondent landlord's intent concerning the duration of preferential rent.

The August 1991 rent stabilized lease entered into by tenant and landlord recited a monthly rent of $5,747.52, but included a rider, denominated "Rider to Preferential Lease Agreement," providing for a "preferential rent" of $3,000 on condition that tenant accept the apartment in "as is" condition (*see generally* Rent Stabilization Code [9 NYCRR] § 2521.2). The term of the lease was from October 1, 1991 to September 30, 1993, with a right of renewal set forth as follows: "At the end of the term of this initial Preferential Lease, Tenant has the option to renew Preferential Lease. The new monthly preferential rent will be $3,000.00 adjusted by the corresponding RSA rent guidelines." Tenant thereafter renewed the lease five times. All five renewal leases were for two-year terms, used $3,000 as the basis for increases, and stated the legal rent amount in addition to the preferential rent amount. The fifth renewal lease commencing June 1, 2002 had a preferential rent of $3,715.64 and recited a legal rent of $7,118.57. In 2004, landlord offered a renewal lease at the legal rent amount of $7,652.26, but with no preferential amount stated. Tenant refused to execute this renewal lease and filed a rent overcharge complaint with respondent DHCR; landlord responded by filing a holdover proceeding in Housing Court. Housing Court came down with a decision first, finding triable issues of fact as to whether the parties intended that the preferential rent continue for the duration of the tenancy; shortly thereafter, DHCR denied tenant's rent overcharge complaint without conducting a hearing. Tenant filed a petition for administrative review (PAR), arguing, inter alia, that, as

found by Housing Court, issues of fact as to the parties' intent required a trial, and that the Rent Administrator's denial of the rent overcharge complaint was premature since Housing Court had not yet held the trial it had ordered. The Deputy Commissioner denied the PAR without conducting a hearing, finding that the Rent Administrator's order was not prematurely issued since Housing Court, on landlord's motion to reargue, subsequently marked the case off its calendar, deferring to DHCR's jurisdiction. On the merits, DHCR ruled that the preferential lease could not be considered because it was entered into prior to the base date, namely, November 2000, more than four years prior to the filing of the rent overcharge complaint.

While DHCR was not bound by Housing Court's determination that issues of fact as to the parties' intent warranted a trial, under the circumstances it was irrational for DHCR to determine such issue without itself conducting an evidentiary hearing. Since both the Rent Administrator and the Deputy Commissioner had the discretion to grant a hearing (9 NYCRR 2527.5 [h]; 2529.7 [f]), it was inconsequential that tenant did not initially request a hearing before the Rent Administrator. Nor was tenant, in first requesting a hearing in his PAR, seeking to present new materials or facts for the first time in a PAR. Tenant was simply requesting a hearing on the same facts presented to the Rent Administrator.

In concluding that any agreement entered into before the November 2000 base date could not be considered, the Deputy Commissioner relied on 9 NYCRR 2521.2 (c), prohibiting examination of rental history prior to the four-year period preceding the filing of the complaint. Here, however, the most recent renewal, like each prior renewal, expressly stated that it was based on the same terms and conditions as the expiring lease, and "further attached lawful provisions and attached written agreements, if any." Thus, the 1991 preferential lease rider was incorporated into the most recent lease renewal, and was not barred from consideration by the four-year limitation period (compare Matter of Century Operating Corp. v Popolizio, 60 NY2d 483 [1983]). Nor is a different result required by 9 NYCRR 2521.2 (a), which gives a landlord the option, once a preferential rent is charged, to renew based on either the preferential rent or the legal regulated rent. That provision was not intended to obviate the terms of a lease agreement where both the landlord and the tenant are aware that the rent charged could legally be higher, but agree, under a specific set of circumstances, to allow the tenant to pay less, either for a specified period of time or for the duration of the tenancy (see Matter of Missionary Sisters of

*Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal*, 283 AD2d 284, 287 [2001]).

The terms of the preferential lease rider, expressly incorporated into all renewal leases, appear to be open-ended concerning the duration of the preferential rent, and not clearly limited to a maximum of two lease terms, totaling four years, as landlord argues, an interpretation not entirely consistent with landlord's own actions in offering renewal leases at the preferential rent for 10 years. Accordingly, since the 1991 preferential lease agreement controls, and the parties' intent cannot be unequivocally ascertained from the four corners of that agreement, DHCR acted irrationally in disregarding the terms of that agreement (*see Century Operating Corp.*, 60 NY2d at 488), and in not holding an evidentiary hearing on the issue of the parties' intent concerning the duration of the preferential rent. Concur—Mazzarelli, J.P., Andrias, Gonzalez and Acosta, JJ.