■ KELLEE MARSH, Respondent, v 300 WEST 106TH ST. CORP. et al., Appellants. [943 NYS2d 525]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered on March 3, 2011, which denied defendants' motion seeking dismissal of plaintiff's fourth cause of action, which sought attorneys' fees under Real Property Law § 234, unanimously affirmed, with costs.

Although the lease provision at issue here appears to be reciprocal in nature, its reciprocity is limited. To wit, it provides that "[t]he successful party in a legal action or proceeding between Landlord and Tenant for non-payment of rent or recovery of possession of the Apartment may recover reasonable legal fees and costs from the other party." Since the lease permits the landlord to collect attorneys' fees when suing for breach of the lease's covenants, whether nonpayment of rent or any other breach couched in a suit for recovery of possession, but does not accord the tenant attorneys' fees if successful against a landlord when suing for breach of the lease's covenants, Real Property Law § 234 is triggered.

The overriding purpose of the legislation is to provide a level playing field between landlords and tenants, "creating a mutual obligation that provides an incentive to resolve disputes quickly and without undue expense" (*Matter of Duell v Condon*, 84 NY2d 773, 780 [1995]). "As a remedial statute, Real Property Law § 234 should be accorded its broadest protective meaning consistent with legislative intent" (*245 Realty Assoc. v Sussis*, 243 AD2d 29, 35 [1998]). In light of these guiding principals, *artful drafting cannot be permitted to give an illusion of reciprocity*, thus evading true equality. Concur—Tom J.P., Andrias, Catterson, Acosta and Manzanet-Daniels, JJ.