■  In the Matter of 251 CPW Housing LLC, Respondent, v
Yitzhak "James" Pastreich, Appellant, et al., Respondents. [1
NYS3d 32]—

Order of the Appellate Term of the Supreme Court, First
Department, entered on or about December 6, 2012, which, in
this summary holdover proceeding, reversed an order of the
Civil Court, New York County (John H. Stanley, J.), entered on
or about June 6, 2011, granting respondent tenant's motion for
attorneys' fees incurred in this and related proceedings and
directing a hearing to determine the amount of such fees, and
denied respondent tenant's motion, unanimously modified, on
the law, to grant respondent tenant's motion with respect to at-
torneys' fees incurred in this proceeding only, and to remand
the matter to Civil Court for a hearing to determine the amount
of the fees, and otherwise affirmed, without costs.

In August 1991, petitioner 251 CPW Housing LLC's (the
landlord) predecessor-in-interest and respondent Yitzhak
"James" Pastreich (the tenant) entered into a rent-stabilized
lease reciting a monthly rent of $5,747.52. The lease contained
a rider which, inter alia, provided for a preferential rent of
$3,000 per month on the condition that the tenant accept the
apartment in "as is" condition. The rider further provided that
at the end of the term of the initial preferential lease, the ten-
ant had the option to renew with a new monthly preferential
rent of $3,000 adjusted by the corresponding rent guidelines.
The parties thereafter executed five lease renewals, each for a
two-year term. The rent charged in the renewals was based on
the original $3,000 preferential rent, plus the applicable rent

guideline increases. The fifth renewal lease, commencing June 1, 2002, had a preferential rent of $3,715.64.

In 2004, the landlord offered the tenant a renewal lease with no preferential amount stated; instead, the lease set forth the legal rent amount of $7,652.26. The landlord contends that a 2003 change in the Rent Stabilization Law allowed it to discontinue the preferential rent. The tenant, believing that he was entitled to a preferential rent for the duration of his tenancy, refused to execute this lease. In November 2004, the tenant filed a rent overcharge complaint with the New York State Division of Housing and Community Renewal (DHCR). On May 27, 2005, DHCR denied the overcharge complaint without conducting a hearing. The tenant thereafter filed a Petition for Administrative Review (PAR), which was denied on December 14, 2005.

Meanwhile, in January 2005, while the DHCR proceeding was pending, the landlord commenced this summary holdover proceeding in the Housing Part of Civil Court (Housing Court) raising the same issues. On May 9, 2005, Housing Court denied the landlord's motion for summary judgment, finding triable issues of fact as to whether the parties intended the preferential rent to continue for the duration of the tenancy. The landlord moved to renew and reargue, and on August 26, 2005, Housing Court stayed the motion and marked the holdover proceeding off-calendar pending conclusion of the DHCR proceedings.

After the PAR was denied, the tenant brought a CPLR article 78 proceeding alleging that DHCR acted in an arbitrary and capricious manner by failing to conduct an evidentiary hearing. Supreme Court dismissed the proceeding and the tenant appealed to this Court. On April 10, 2008, this Court reversed (*Matter of Pastreich v New York State Div. of Hous. & Community Renewal*, 50 AD3d 384 [1st Dept 2008]). The Court rejected DHCR's reliance on 9 NYCRR 2521.2 (a), which gives landlords the option, once a preferential rent is charged, of offering a lease renewal based on either the preferential rent or the legal regulated rent (50 AD3d at 386). The Court found that "[t]hat provision was not intended to obviate the terms of a lease agreement where both the landlord and the tenant are aware that the rent charged could legally be higher, but agree, under a specific set of circumstances, to allow the tenant to pay less, either for a specified period of time or for the duration of the tenancy" (*id.*). Finding that the 1991 preferential lease controlled, and that the parties' intent could not be unequivocally determined from that agreement (*id.* at 387), the Court remanded to DHCR for a hearing on the parties' intent concerning the duration of the preferential rent (*id.* at 385).

Upon remand, a DHCR administrative law judge (ALJ) conducted a hearing and took testimony from the landlord's representatives and the tenant. Based on that testimony, the language contained in the 1991 preferential lease, and the conduct of the parties in renewing the lease five times based on the preferential rent, the ALJ concluded that the landlord and the tenant intended and agreed, at the time the 1991 preferential lease was executed, that the preferential rent would endure for the duration of the tenancy. The record does not reflect that the landlord sought further review of the ALJ's decision.

The tenant then moved in the Housing Court proceeding for an award of legal fees on the ground that, as the prevailing party, he was entitled to such fees pursuant to the terms of the lease and Real Property Law § 234. The tenant sought fees incurred in the holdover, DHCR and CPLR article 78 proceedings. Housing Court granted the tenant's motion, and restored the matter to the calendar for a hearing on the amount of the legal fees. The Appellate Term reversed Housing Court's order and denied the tenant's motion for attorneys' fees, finding that when the holdover proceeding was commenced, the landlord's possessory claim was "of colorable merit" (37 Misc 3d 138[A], 2012 NY Slip Op 52208[U], *1 [App Term, 1st Dept 2012]). The court noted that, in any event, the tenant would not be entitled to recover attorneys' fees incurred in connection with the related DHCR and CPLR article 78 proceedings (id. at *2). The tenant appealed and we now modify.

Under Real Property Law § 234, when a residential lease provides for a landlord's recovery of attorneys' fees resulting from a tenant's failure to perform a lease covenant, a reciprocal covenant is implied requiring the landlord to pay the tenant's attorneys' fees incurred as a result of, inter alia, the tenant's successful defense of an action or summary proceeding commenced by the landlord arising out of the lease (see Graham Ct. Owner's Corp. v Taylor, 115 AD3d 50, 55 [1st Dept 2014]). To support an award of attorneys' fees, the tenant must be the prevailing party, that is, the result must be substantially favorable to the tenant (see Walentas v Johnes, 257 AD2d 352, 354 [1st Dept 1999], lv dismissed 93 NY2d 958 [1999]).

Here, the terms of the parties' lease plainly triggers the reciprocal covenant mandated by Real Property Law § 234, and the tenant is entitled to recover the attorneys' fees incurred in his successful defense of the holdover proceeding. Contrary to the landlord's assertion, the tenant was the prevailing party regardless of whether the holdover proceeding was formally dismissed, since a tenant is entitled to recover fees "when the ultimate

outcome is in his favor, whether or not such outcome is on the merits" (*Centennial Restorations Co. v Wyatt*, 248 AD2d 193, 197 [1st Dept 1998] [internal quotation marks omitted]).

Despite the tenant's status as the prevailing party, the Appellate Term nevertheless denied the fee request because, in its view, the landlord's possessory claim was "of colorable merit" (2012 NY Slip Op 52208[U], *1). This was an improper standard. "The overriding purpose of [Real Property Law § 234] is to provide a level playing field between landlords and tenants, creating a mutual obligation that provides an incentive to resolve disputes quickly and without undue expense" (*Marsh v 300 W. 106th St. Corp.*, 95 AD3d 560, 560 [1st Dept 2012] [internal quotation marks omitted]). Because it is a remedial statute, Real Property Law § 234 "should be accorded its broadest protective meaning consistent with legislative intent" (*id.* [internal quotation marks omitted]). The Appellate Term's conclusion that a tenant's claim to reciprocal attorneys' fees can be denied whenever a landlord asserts a colorable claim undermines the salutary purpose of Real Property Law § 234. A "colorable claim" standard would result in the gutting of the protections afforded by the statute because it would allow courts to deny fees whenever the landlord can make a nonfrivolous legal argument in support of its position.

Although courts have some discretion to deny attorneys' fees sought under Real Property Law § 234, such discretion should be exercised sparingly.[1] Thus, a request for attorneys' fees should be denied only where a fee award would be manifestly unfair or where the successful party engaged in bad faith (*see Jacreg Realty Corp. v Barnes*, 284 AD2d 280, 280 [1st Dept 2001]; *245 Realty Assoc. v Sussis*, 243 AD2d 29, 35 [1st Dept 1998]; *Grossman v Homenny*, 22 Misc 3d 139[A], 2009 NY Slip Op 50365[U] [App Term, 1st Dept 2009]; *67 E. 2nd St. Inc. v Cejas*, 14 Misc 3d 139[A], 2007 NY Slip Op 50300[U] [App Term, 1st Dept 2007]).

Here, the landlord has made no showing of any bad faith on the tenant's part. Nor, under the circumstances, would it be manifestly unfair to award the tenant attorneys' fees in the holdover proceeding. The landlord argues that at the time it commenced that proceeding, it reasonably relied upon a June 2003 amendment to the Rent Stabilization Law. That amendment required the inclusion in the Rent Stabilization Code of a provision stating that where the tenant is charged a preferential rent, the rent that may be charged upon renewal or vacancy

---

**1.** The tenant does not argue that a court has no discretion in determining whether to award fees under Real Property Law § 234.

may, at the landlord's option, be based upon the previously established legal regulated rent (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-511 [c] [14]).[2]

That the landlord may have relied on the 2003 amendment when rescinding the tenant's preferential rent and bringing the holdover proceeding does not render an award of attorneys' fees manifestly unfair (*see Huron Assoc., LLC v 210 E. 86th St. Corp.*, 18 AD3d 231, 232 [1st Dept 2005] ["the fact that (the landlord's) position in this litigation has not been frivolous does not render it manifestly unfair to enforce the lease's attorneys' fees clause"]). As noted earlier, the DHCR ALJ, after an evidentiary hearing, found that at the time the initial lease was executed, the landlord and the tenant intended the preferential rent to last for the duration of the tenancy. Thus, the landlord rescinded the preferential rent and tried to evict the tenant despite the fact that it had agreed to continue the preferential rent for the entire tenancy. The landlord points to no case law, either at the time it commenced the holdover proceeding or now, supporting its view that it could charge the tenant the legal regulated rent in the face of a lease agreement promising a preferential rent for the tenancy's duration.

Indeed, case law existing at the time the holdover proceeding was brought supported the contrary view. For example, in *Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal* (283 AD2d 284 [1st Dept 2001]), this Court concluded that an earlier Rent Stabilization Code provision on preferential rents was not intended to obviate the terms of the parties' lease (*id*. at 286-287). Further, in *448 W. 54th St. Corp. v Doig-Marx* (5 Misc 3d 405 [Civ Ct, NY County 2004], *affd* 11 Misc 3d 126[A], 2006 NY Slip Op 50199[U] [App Term, 1st Dept 2006]), decided about six months before the commencement of this holdover proceeding, the court concluded that the 2003 amendment upon which the landlord here relies could not alter the parties' lease agreement. In light of this authority, and the parties' agreement that the preferential rent would endure for the duration of the tenancy, it cannot be said that an award of attorneys' fees for the holdover proceeding would be manifestly unfair.

*Kralik v 239 E. 79th St. Owners Corp.* (93 AD3d 569 [1st Dept 2012]), relied upon by the Appellate Term, does not require a different result. First, *Kralik* does not use the "colorable claim" standard. Furthermore, at the time the *Kralik* litigation was commenced, the defendant cooperative's position was sup-

---

**2.** The Rent Stabilization Code was amended in September 2005 (effective Oct. 12, 2005) to include such a provision (*see* 9 NYCRR 2521.2 [a]).

ported by appellate precedent—namely, *Gorbatov v Gardens 75th St. Owners Corp.* (247 AD2d 440 [2d Dept 1998]). The reasoning of *Gorbatov*, however, was subsequently rejected by the Court of Appeals (*Kralik v 239 E. 79th St. Owners Corp.*, 5 NY3d 54, 59 n 2 [2005]), and the plaintiff in *Kralik* ultimately prevailed in the litigation (93 AD3d at 570).[3] Under those circumstances, this Court found no abuse of discretion in the motion court's denial of the plaintiff's request for attorneys' fees (*id.*). As noted above, the landlord in the instant case fails to identify any case law supporting its position that it could cancel the tenant's preferential rent after having agreed to continue that rent for the entire tenancy.

The Appellate Term also cited to this Court's decision in *Wells v East 10th St. Assoc.* (205 AD2d 431 [1st Dept 1994], *lv denied* 84 NY2d 813 [1995]). In *Wells*, the Civil Court had granted the defendant landlord summary judgment in a related holdover proceeding based on *Braschi v Stahl Assoc. Co.* (143 AD2d 44 [1st Dept 1988]). This Court's decision in *Braschi*, however, was subsequently reversed by the Court of Appeals (*Braschi v Stahl Assoc. Co.*, 74 NY2d 201 [1989]), and thus we found no abuse of discretion in denying the *Wells* plaintiff attorneys' fees (205 AD2d at 432). No similar change in the controlling appellate precedent is presented here.

The Appellate Term properly concluded, however, that the tenant is not entitled to attorneys' fees expended in the DHCR and CPLR article 78 proceedings. It is well settled that the right to attorneys' fees under Real Property Law § 234 does not extend to these types of proceedings (*Matter of Blair v New York State Div. of Hous. & Community Renewal*, 96 AD3d 687, 688 [1st Dept 2012]; *Matter of Ista Mgt. v State Div. of Hous. & Community Renewal*, 161 AD2d 424, 426 [1st Dept 1990]; *Matter of Chessin v New York City Conciliation & Appeals Bd.*, 100 AD2d 297, 306 [1st Dept 1984]). This is true even where the administrative proceeding is related to the summary possession proceeding (*see 338 W. 46th St. Realty, LLC v Morton*, 103 AD3d 518, 518 [1st Dept 2013]). The tenant offers no convincing argument to distinguish this binding precedent.

We have considered the parties' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Andrias, Richter and Feinman, JJ.

---

**3.** The procedural history of the *Kralik* litigation was obtained from the briefs in the appeal to the First Department.