Kirock 80 Co., LLC, -Respondent, 570148/16 
against
Stephen Mootoo, -Appellant, -and- Nancy Jung Mootoo, CEC, Inc., "John Doe" and "Jane Doe," Respondents-Undertenants.



Tenant appeals from an order of the Civil Court of the City of New York, New York County, dated October 8, 2014 (Brenda S. Spears, J.), which denied his motion for attorneys' fees in a holdover summary proceeding.




Per Curiam.
Order (Brenda S. Spears, J.), dated October 8, 2014, reversed, with $10 costs, tenant's motion for attorneys' fees granted and the matter remanded to Civil Court for a hearing to determine the reasonable value of attorneys' fees due tenant. 
Tenant achieved prevailing party status entitling him to recover attorney's fees in the underlying holdover summary proceeding (see Real Property Law § 234), which was discontinued "with prejudice" by landlord, via a so-ordered settlement stipulation whose terms expressly reserved tenant's right to seek attorney's fees. The record discloses no bad faith by tenant that would justify a complete denial of tenant's reciprocal right to attorneys' fees. Nor does the motion court's conclusion that "this proceeding could have been resolved more rapidly" had tenant timely complied with discovery obligations, render it manifestly unfair to award attorneys' fees to tenant (see Matter of 251 CPW Hous. LLC v Pastreich, 124 AD3d 401, 404 [2015]; Jacreg Realty Corp. v Barnes, 284 AD2d 280, 280 [2001]; Huron Assoc., LLC v 210 E. 86th St. Corp., 18 AD3d 231 [2005]), though such factor may be considered by the hearing court when determining the number of hours reasonably or necessarily expended (see Matter of Rahmey v Blum, 95 AD2d 294, 300-301 [1983]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 26, 2016