Christina Isaly-Liceaga, Petitioner-Landlord-Appellant,
against
Thomas Pickarski, Respondent-Tenant-Respondent, and "John Doe" and "Jane Doe," Respondents-Undertenants.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (Timmie Erin Elsner, J.), entered September 25, 2018, which granted tenant's motion for summary judgment dismissing the petition in a holdover summary proceeding.




Per Curiam.
Order (Timmie Erin Elsner, J.), entered September 25, 2018, affirmed, with $10 costs.
Civil Court properly granted tenant's motion for summary judgment dismissing the petition in this owner-occupancy holdover proceeding. Landlord's offer to renew the stabilized lease in March 2018, timely accepted by tenant, created an enforceable lease agreement, notwithstanding landlord's prior service of a notice of nonrenewal in February 2016 (see SJS Thompson LLC v Singer, 60 Misc 3d 132[A], 2018 NY Slip Op 51013[U] [App Term, 1st Dept 2018]; 123 W. 15, LLC v Compton, 4 Misc 3d 138[A}, 2004 NY Slip Op 50938[U] [App Term, 1st Dept 2004]; Hakim v Muller, 2002 NY Slip Op 50339[U] [App Term, 1st Dept 2002]). "The fact that the landlord may not have intended the proposed lease ... to constitute a binding offer is immaterial because the statute requires that the offer be binding" (Matter of East 56th Plaza, Inc. v New York City Conciliation & Appeals Bd., 56 NY2d 544, 546 [1982]; see Jacreg Realty Corp. v Barnes, 284 AD2d 280, 280-281 [2001]). Nor did the failure of the landlord to deliver an executed lease form deprive the tenant of his right to renew under Rent Stabilization Code (9 NYCRR) § 2523.5(a).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: May 23, 2019