145 East 16th Street LLC, Petitioner-Landlord-Respondent, 
against
Lynore Spencer a/k/a Lenore Spencer, Respondent-Tenant-Appellant, and Dana Spencer, David "Doe," "John Doe," and "Jane Doe," Respondents-Undertenants-Appellants.



Tenant appeals from an order of the Civil Court of the City of New York, New York County (Anne Katz, J.), entered July 25, 2017, which (1) granted landlord's motion to renew and reargue a prior order, dated July 23, 2015, and upon renewal and reargument, vacated the direction for a hearing to determine the reasonable value of attorneys' fees due tenant, and directed a hearing as to tenant's entitlement to attorneys' fees and the enforceability of the attorneys' fees provision of the governing lease, and (2) denied tenant's cross motion for sanctions pursuant to 22 NYCRR 130-1.1.




Per Curiam.
Order (Anne Katz, J.), entered July 25, 2017, modified to the extent of denying landlord's motion to renew and reargue, and reinstating the order dated July 23, 2015; as modified, order affirmed, without costs.
In an order dated July 23, 2015, from which no appeal has been taken, Civil Court determined that tenant was the prevailing party in this nuisance/breach of lease holdover proceeding and set the matter down for a hearing on the amount of attorneys' fees due. The court noted that tenant "produced a copy of the lease authorizing the recovery of attorneys' fees." Specifically, paragraph 22 of the governing 1979 lease agreement, entered into by the predecessor landlord and the then record tenant, clearly and unambiguously stated that in "any legal action or dispossess proceeding," the landlord may recover attorneys' fees as additional rent incurred as a result of tenant's "failure ... to obey the lease." This clause was sufficiently broad to trigger a reciprocal right to attorneys' fees in tenant's favor pursuant to Real Property Law § 234 (see Matter of 251 CPW Hous. LLC v Pastreich, 124 AD3d 401 [2015]; Graham Ct. Owner's Corp. v Taylor, 115 AD3d 50 [2014], affd 24 NY3d 742 [2015]).
Some seven months later, and after three days of trial on the issue of the reasonable value of tenant's attorneys' fees, landlord moved to renew and reargue, based upon a rider to the lease [*2]that it never before produced, which, landlord claimed, purportedly restricts tenant's right to recover attorneys' fees to nonpayment proceedings only. Landlord's motion should have been denied. Landlord did not offer a reasonable justification for its failure to submit the lease rider in opposition to tenant's motion for attorneys' fees in November 2013 (see CPLR 2221[e][3]; Estate of Brown v Pullman Group, 60 AD3d 481, 482 [2009], lv dismissed and denied 13 NY3d 789 [2009]). Nor did landlord explain its seven-month delay in making the instant motion to renew (see generally Matter of Tri-State Consumer Ins. Co. v Singh, 297 AD2d 349 [2002]). Indeed, landlord's counsel admitted (during a 2010 nonprimary residence holdover proceeding commenced against the tenant) that he "[had] the entire lease [and] always had it," and further attested in an undated affirmation in yet another 2010 nonprimary residence proceeding that "[landlord] should not be required to do [tenant's] legal work" in producing the entire lease to ascertain the existence of an attorneys' fees provision. We also note that landlord's current position is at odds with its request for attorneys' fees in the holdover petition (see generally Nestor v Britt, 270 AD2d 192, 193 [2000]; Riverside Syndicate, Inc. v Richter, 26 Misc 3d 137[A], 2010 NY Slip Op 50183[U] [App Term, 1st Dept 2010]). 
As to tenant's cross motion, the denial of sanctions against landlord was a proper exercise of discretion (see Grozea v Lagoutova, 67 AD3d 611 [2009]; Pickens v Castro, 55 AD3d 443 [2008]). Landlord's defense of tenant's counterclaim for attorneys' fees, including its specific argument that the typewritten rider superseded the pre-printed main lease on the issue of attorneys' fees, was not frivolous within the meaning of 22 NYCRR § 130-1.1.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 05, 2019