Matter of West 147 & 150, LLC v New York State Div. of Hous. & Community Renewal (2021 NY Slip Op 00537)





Matter of West 147 & 150, LLC v New York State Div. of Hous. & Community Renewal


2021 NY Slip Op 00537


Decided on February 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 02, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 101612/17 Appeal No. 13009 Case No. 2020-01994 

[*1]In the Matter of West 147 and 150, LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent, Victor Kim, Intervenor-Respondent-Respondent.


Kucker Marino Winiarsky & Bitten, LLP, New York (Nativ Winiarsky of counsel), for appellant.
Mark F. Palomino, New York (Robert Ambaras of counsel), for New York State Division of Housing and Community Renewal, respondent.
Beth E. Goldman, New York Legal Assistance Group, New York (Jordan E. Shipley of counsel), for Victor Kim, respondent.



Order and judgment (one paper), Supreme Court, New York County (Shlomo S. Hagler, J.), entered November 20, 2019, which denied the petition to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated September 21, 2017, denying a Petition for Administrative Review and affirming a determination of the Rent Administrator, dated January 13, 2017, granting respondent-intervenor-tenant's overcharge complaint, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, with costs.
DHCR's interpretation of 9 NYCRR 2521.2, as requiring that the legal regulated rent be stated in each lease from the inception of the alleged preferential rent in order to be legally established and preserved, is not irrational or unreasonable, and we therefore defer to it (see generally Matter of MSK Realty Interests, LLC v Department of Fin. of the City of N.Y., 170 AD3d 459, 460 [1st Dept 2019], appeal dismissed 33 NY3d 1057 [2019]). DHCR also rationally concluded that where a tenant had filed an overcharge complaint and the leases within the four-year lookback period contained an alleged preferential rent, DHCR was permitted to review the leases and rental history prior to the four-year lookback period in order to establish whether the rent charged was in fact a preferential rent, as well as the terms and conditions of such an alleged preferential rent (see 9 NYCRR 2526.1[a][2][viii]; see also Matter of Pastreich v New York State Div. of Hous. & Community Renewal, 50 AD3d 384, 386 [1st Dept 2008]). DHCR's determination, that petitioner did not preserve the higher alleged legal regulated rent because it did not include it in the tenant's vacancy lease or two subsequent renewal leases, was not irrational or arbitrary.
DHCR's interpretation of 9 NYCRR 2527.7, and its finding that the setting of a unit's legal regulated rent does not result in undue hardship as provided in that regulation, were not irrational. Furthermore, DHCR rationally concluded, after reviewing petitioner's dealings with the tenant, that this particular petitioner would not be prejudiced by having to base future rent increases on the amount that the tenant had been paying (see Matter of Storch v New York State Div. of Hous. & Community Renewal, 56 AD3d 278, 279 [1st Dept 2008], lv denied 14 NY3d 704 [2010]). DHCR therefore properly applied the version of 9 NYCRR 2521.2 that was in effect at the time of the overcharge proceeding (see 9 NYCRR 2527.7).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2021