Schuette v Brookford LLC (2021 NY Slip Op 06821)





Schuette v Brookford LLC


2021 NY Slip Op 06821


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Acosta, P.J., Gische, Webber, Friedman, Kennedy, JJ. 


Index No. 152993/19 Appeal No. 14786 Case No. 2020-03376 

[*1]Margaret Schuette, Plaintiff-Appellant,
v
Brookford LLC, Defendant-Respondent.


Sokolski & Zekaria, P.C., New York (Mark Davies of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Jeffrey Turkel of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.) entered January 10, 2020, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
The complaint fails to state a cause of action for attorneys' fees under Real Property Law (RPL) § 234, as the statute does not provide for attorneys' fees under these circumstances. Our well-established precedent holds that DHCR proceedings, such as the one that defendant commenced here, do not trigger the reciprocal provisions of RPL 234 because "[a]n administrative proceeding is not an action" (Matter of Chessin v New York City Conciliation and Appeals Bd., 100 AD2d 297, 306 [1st Dept 1984] [internal quotation marks omitted]). This Court has repeatedly interpreted the words "in any action or summary proceeding" in RPL 234 not to include administrative proceedings (see e.g. Regina Metro. Co., LLC v New York State Div. of Hous. and Community Renewal, 164 AD3d 420, 424 n 3 [1st Dept 2018], affd 35 NY3d 332 [2020]; Matter of 251 CPW Hous. LLC v Pastreich, 124 AD3d 401, 406 [1st Dept 2015]).
Although both parties assert that sanctions are warranted, neither parties' conduct was "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" nor "undertaken primarily to . . . harass or maliciously injure another" so as to be considered frivolous under 22 NYCRR 130-1.1(c).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021