Matter of Tsegai v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 03153)

Matter of Tsegai v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 03153

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 452263/22 Appeal No. 2468 Case No. 2023-01808 

[*1]In the Matter of Zufan Tsegai, Appellant,
v
The New York State Division of Housing and Community Renewal, et al., Respondents, 2166 8th Avenue Realty LLC, Intervenor-Respondent.

Twyla Carter, The Legal Aid Society, New York (Seth Schoenhaus of counsel), for appellant.
Mark F. Palomino, New York State Division of Housing and Community Renewal (DHCR), New York (Christina S. Ossi of counsel), for DHCR and Woody Pascal, respondents.

Order and judgment (one paper), Supreme Court, New York County (John J. Kelley, J.), entered March 14, 2023, which denied the petition to annul the determination of respondent agency New York State Division of Housing and Community Renewal (DHCR), dated June 15, 2022, denying the petition for administrative review and affirming an order of the Rent Administrator denying petitioner's rent overcharge complaint, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's determination, based on the finding that the apartment was deregulated prior to the commencement of petitioner's tenancy, and more than six years before the base date, was not arbitrary and capricious (Matter of Bazan v New York State Div. of Hous. & Community Renewal, 189 AD3d 495, 496 [1st Dept 2020]; see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; see also Administrative Code of City of NY § 26-516[a]). The challenged agency decision did not fail to consider the entire rental history to determine whether petitioner's unit was rent stabilized (see Matter of Kostic v New York State Div. of Hous. & Community Renewal, 188 AD3d 569, 569 [1st Dept 2020], citing Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 351 n 4, 360 [2020]). To the extent that the registration history, until petitioner's tenancy commenced, shows unexplained rent increases, petitioner identifies no evidence in the record of illegal increases or improper preferential rents provided to previous tenants (see 9 NYCRR 2521.2; Matter of Pastreich v New York State Div. of Hous. & Community Renewal, 50 AD3d 384, 386 [1st Dept 2008]; see also Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 367 [2010]).
Additionally, "[t]he record before DHCR provided it with a sufficient basis to conclude that approximately 10 years prior to the filing of the overcharge complaint, the landlord performed work on the subject unit, and that the unit then became deregulated due to high rent vacancy" (Matter of Bazan, 189 AD3d at 496, citing 9 NYCRR 2520.11[r][4]; see also 9 NYCRR 2522.4[a][1]). The registration record shows that the respondent landlord timely filed a registration statement claiming to have performed the individual apartment improvements (IAIs) sufficient to raise the legal regulated rent above the then-applicable high-rent deregulation threshold. Petitioner herself admitted that work was being performed on the day she viewed the unit, and generally averred her lack of knowledge as to whether certain improvements claimed in the landlord's proffered invoice were performed. She otherwise proffered no evidence, beyond her belief, that all the asserted work was not done. Notably, the landlord was only required to maintain records for four years after 2008, and it nonetheless [*2]produced two types of evidence that DHCR had requested (see former CPLR 213-a; former Administrative Code of City of NY § 26-516[a][2]; 9 NYCRR 2526.1[a][2][ii]; see also Matter of Regina Metro., 35 NY3d at 355-356; Fuentes v Kwik Realty LLC, 186 AD3d 435, 438 [1st Dept 2020] ["no requirement under the statute" to maintain IAI records "indefinitely"]).
To the extent petitioner contends that DHCR failed to follow its policy regarding proof of IAIs where there is a claimed identity of interest, under the policy governing proof of IAIs in 2008, DHCR "may" request "additional proof of cost and payment" but was not required to do so (DHCR Policy Statement 90-10). Moreover, that the landlord was unable to provide additional evidence beyond affidavits from its accountant and the superintendent who assertedly performed the IAIs does not make the record insufficient to support DHCR's finding of deregulation (see Fuentes, 186 AD3d at 438).
Furthermore, DHCR did not arbitrarily fail to consider the rental history beyond the applicable four-year look back period regarding petitioner's alleged indicia of a fraudulent scheme to deregulate (compare Matter of Grimm, 15 NY3d at 367). Nor was it irrational to find that there was no indicia of a fraudulent scheme to deregulate the apartment (see Matter of Regina Metro., 35 NY3d at 355; see also Casey v Whitehouse Estates, Inc., 39 NY3d 1104, 1106 [2023]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024